NAKAMOTO, J.
**419 Defendant petitions for reconsideration of this court's decision in State v. Langley , 363 Or. 482, 424 P.3d 688 (2018) ( Langley IV ), affirming his death sentence. Defendant also moves for remand to the circuit court for an evidentiary hearing. We allow the petition for reconsideration, modify that decision as to three statements of fact, and adhere to that decision as modified. We deny the motion for remand.
First, defendant contends in his petition for reconsideration, among other things, that this court erroneously described the facts concerning how Judge James of the Marion County Circuit Court came to preside over his penalty-phase proceedings after remand from this court pursuant to State v. Langley , 351 Or. 652, 273 P.3d 901 (2012) ( Langley III ). Specifically, defendant notes that the *543 opinion's procedural narrative states that, before defendant's new sentencing trial,
"[o]n April 6, 2012, Judge Jamese Rhoades, Presiding Judge of the Marion County Circuit Court, filed a circuit court form titled Criminal Assignment Notice as part of the run-up to defendant's latest penalty-phase proceeding. In that document, Judge Rhoades assigned Judge Mary Mertens James to preside over defendant's remanded sentencing trial."
Langley IV , 363 Or. at 487, 424 P.3d 688. Defendant argues that that statement is inaccurate because the record does not show that Judge Rhoades actually "filed" such a notice or that she was personally responsible for assigning Judge James to defendant's case.
We agree with defendant, and we modify the opinion by disavowing the quoted text set out above and instead describe the facts through the following text:
"On April 6, 2012, the Marion County Circuit Court generated a Criminal Assignment Notice as part of the run-up to defendant's latest penalty-phase proceeding. In that document, Judge Mary Mertens James was assigned to preside over defendant's remanded sentencing trial."
**420 Second, the opinion recites that, in the course of further discussing her own recusal with the parties, Judge James
"acknowledged that she and Judge Rhoades had, at some point as part of the case assignment process , discussed whether she, Judge James, could impartially preside over defendant's case."
Langley IV , 363 Or. at 488, 424 P.3d 688 (emphasis added). In seeking reconsideration, defendant argues that, because the record fails to establish that Judge Rhoades had personally appointed Judge James to preside over defendant's case, it was incorrect to describe the subsequent conversation between the two jurists regarding Judge James's impartiality as being "part of the case assignment process."
That argument is well-taken. On review of the record, we agree that the conversation occurred after Judge James was assigned to the case. Accordingly, the court modifies the opinion by disavowing the emphasized text quoted above.
Third, defendant contends that there is at least a factual dispute regarding when defense counsel first filed motions seeking Judge James's removal from the case. In that regard, the opinion states:
"Defendant's newly appointed defense counsel apparently learned of that assignment on Monday, April 23, 2012, and, on Friday, April 27, 2012, filed two motions seeking Judge James's removal from the case ."
Langley IV , 363 Or. at 487, 424 P.3d 688 (emphasis added). The motions were time-stamped by the clerk of the circuit court on April 27, 2012. But defendant argues in his petition for reconsideration that other evidence in the record, including an affidavit of service, indicates that the filing occurred the day after defense counsel was assigned to represent defendant and that the date stamped on the motions reflects a time lag in the court clerk's processing of the motions. To describe with particularity the date of the time stamp on the motions, we disavow the emphasized text above and instead describe the filing of the motions with the following text:
**421 "Defendant's newly appointed defense counsel apparently learned of that assignment on Monday, April 23, 2012, and filed two motions-which contain time stamps by the circuit court clerk's office dated April 27, 2012-seeking Judge James's removal from the case."
Although we modify the opinion in those three aspects, we disagree with defendant's further argument that (1) those modifications materially affect the analysis of his contentions on appeal that Judge James, once assigned, should not have presided over the penalty-phase proceedings on remand and (2) the factual inaccuracies that defendant notes rise to the level of constitutional error because defendant's death sentence was affirmed based on inaccurate and incomplete facts. We have considered and reject each of the other issues that defendant raises in his petition for reconsideration, and we adhere to our opinion as modified.
*544 In conjunction with his petition for reconsideration, defendant has filed a motion for remand for an evidentiary hearing. Defendant contends that disputes of fact material to the resolution of the following claims require an evidentiary hearing:
"Judicial bias (Assignments of Error Nos. 1-20 and 21-23 ); ex parte (Assignments of Error Nos. 3, 4, 11 and 14 ); Motion for New Trial (Assignments of Error Nos. 21-25 ); limiting instruction / probative versus prejudice (Assignments of Error Nos. 33-37 ); proportionality (Assignments of Error Nos. 39-45 ); and failure to disclose discovery of victim's sister not wanting a death sentence (Assignment of Error No. 48 )."
(Emphases in original; footnotes to pages of petition for reconsideration omitted.) In accordance with our disposition of defendant's petition for reconsideration, we conclude that a remand for an evidentiary hearing is not required and deny the motion for remand.
The petition for reconsideration is allowed. The former opinion is modified and adhered to as modified. The motion for remand for evidentiary hearing is denied.