Argued and submitted May 8, 2018, affirmed October 2, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JASON GARRETT GIBSON,
*Defendant-Appellant.*

Hood River County Circuit Court
140281CM; A163166

451 P3d 259

A jury convicted defendant of second-degree criminal mischief, ORS 164.354. On appeal, defendant assigns error to the trial court's determination that it would permit the state to introduce a video of defendant's arrest, which the court had previously ruled inadmissible under OEC 403, if it granted defendant's request to provide Uniform Criminal Jury Instruction 1102 regarding voluntary intoxication. Defendant argues that he was entitled to the instruction because there was evidence that he was so intoxicated that he lacked the requisite criminal intent and that the court improperly revisited its pretrial ruling on the video. *Held*: Under *State v. Langley*, 363 Or 482, 521, 424 P3d 688 (2018), *adh'd to as modified on recons*, 365 Or 418, 446 P3d 542 (2019), a trial court may reconsider its earlier ruling. The Court of Appeals concluded that the trial court did not err in its discretionary ruling under OEC 403 conditionally admitting the video, because the danger of unfair prejudice did not substantially outweigh the video's probative value.

Affirmed.

John A. Olson, Judge.

Sara F. Werboff, Deputy Public Defender, argued the cause for appellant. Also on the opening brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services. Jason Garrett Gibson filed the supplemental brief *pro se*.

Paul L. Smith, Deputy Solicitor General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

LAGESEN, P. J.

Affirmed.

**LAGESEN, P. J.**

While intoxicated and angry, defendant dented the car belonging to his then-girlfriend, Z. For that conduct, he was charged with and then convicted by a jury of second-degree criminal mischief, ORS 164.354. On appeal, defendant assigns error to (1) the trial court's determination that it would permit the state to introduce a video of defendant's arrest if it granted defendant's request to provide Uniform Criminal Jury Instruction (UCrJI) 1102 regarding voluntary intoxication; (2) the court's denial of his motion to dismiss the case on the ground that his statutory and constitutional speedy trial rights were violated; and (3) the court's denial of his motion to prevent "the victims" from fleeing the state. For the reasons that follow, we affirm.

Defendant punched, kicked, and walked on Z's car, denting it. As noted, defendant was intoxicated and angry at the time. The police investigated shortly after the incident but initially observed no damage to the car because of poor lighting conditions. For that reason, they did not arrest defendant immediately, but instead gave him a ride to where he was staying in his car. Later, Z took a look at the car in better light and recognized that the damage would be discernible to the police in that light. She called the police and they returned to her home to reexamine and photograph the damage to the car. The police then went to arrest defendant. At that point, approximately two hours had gone by since defendant damaged the car. His arrest was documented by a body camera worn by one of the arresting officers. The video reflects that defendant was still intoxicated at the time of his arrest. It also reflects that defendant was generally cooperative with the police during his arrest, although he was not shy about expressing his dissatisfaction about the arrest and the upcoming night (or more) in jail.

For damaging Z's car, the state charged defendant with one count of second-degree criminal mischief. Before trial, defendant moved *in limine* to exclude the video of his arrest, contending that it was not relevant to anything at issue in the case and, alternatively, that it should be excluded under OEC 403. The state opposed the motion, arguing that it was evidence of defendant's demeanor, "intentionality,"

and "his agitated behavior towards others and that that mental state continued." After reviewing the video, the trial court excluded it under OEC 403.

During trial, the court conferred with the parties regarding jury instructions. Defendant requested that the court deliver UCrJI 1102, which explains how the jury may account for evidence of voluntary intoxication when assessing whether a criminal defendant possessed the requisite criminal intent:

> "The voluntary use of alcohol or drugs does not excuse or justify criminal conduct. However, you may consider evidence of voluntary intoxication in making your decision whether the defendant had the mental state that is required for the commission of the charged offense."

UCrJI 1102. The state objected to the instruction but, alternatively, argued that, if the instruction was given, the court should reconsider its ruling excluding the video. The state argued that the video would be probative of how defendant behaves while intoxicated and whether he can make decisions, something that defendant's request for UCrJI 1102 put into play. The court concluded that defendant was entitled to the instruction if he wanted it. It also agreed with the state that, if defendant maintained his request that the instruction be delivered, then the video of defendant's arrest would be admissible under OEC 403. The court explained that, although it previously concluded that the probative value of the video was substantially outweighed by the danger of unfair prejudice, "raising a defense of voluntary intoxication makes that video relevant and makes my calibration of the prejudice versus the permissible use as just different." The court stated further that it would entertain a limiting instruction, upon defendant's request, that would restrict the jury's consideration of the video to the issue of how defendant's voluntary intoxication bore on the question of whether he had the requisite criminal intent.

Defendant ultimately withdrew his request for the instruction in view of the trial court's ruling about the admissibility of the video. He noted for the record that he was maintaining his objection to that ruling. As a result,

the court neither instructed the jury with UCrJI 1102, nor admitted evidence of the video. The jury found defendant guilty and he appealed.

As noted, defendant asserts that the trial court erred in three respects: (1) by conditioning giving a voluntary intoxication instruction on the admission of the previously excluded video evidence; (2) by denying his motion to dismiss on speedy-trial grounds; and (3) by denying his motion to prevent "the victims" from fleeing the state.

We reject the latter two contentions without additional written discussion and turn our attention to the first assignment of error.

In support of his first assignment of error, defendant contends that he was entitled to the delivery of UCrJI 1102 because there was evidence that could support a finding that he was so intoxicated that he lacked the requisite criminal intent when he hit and kicked Z's car. In his view, his request for the instruction should not have triggered the trial court to revisit its pretrial ruling excluding the arrest video. Further, defendant asserts, the court erred when it concluded that the video was probative of how his intoxication bore on his criminal intent two hours earlier, and also when it concluded that any probative value of the video on that point was not substantially outweighed by the danger of unfair prejudice.

The state responds that the trial court committed no error as a procedural matter by revisiting its prior ruling on the video once defendant's request for UCrJI 1102 put at issue the effect on defendant's voluntary intoxication on his criminal intent. The state argues that we should not reach the merits of the court's OEC 401 and OEC 403 rulings because, in the state's view, any error is necessarily harmless given that the video was not admitted at trial. Finally, the state argues that, if the merits must be considered, the court was correct to conclude that the video was at least somewhat probative of how intoxicated defendant had been at the time he dented Z's car and that the court was within its discretion to conclude that the risk of unfair prejudice did not substantially outweigh the video's probative value on that point.

We reject defendant's premise that it was procedurally improper for the trial court to reconsider its pretrial ruling on the admissibility of the video in light of defendant's request that the court deliver the instruction on voluntary intoxication. As the Supreme Court has explained, "[g]enerally, a trial court has broad discretion in determining whether to reconsider its earlier rulings, and may revisit a pretrial ruling when events at trial unfold that call for adjustments to that ruling." *State v. Langley*, 363 Or 482, 521, 424 P3d 688 (2018), *adh'd to as modified on recons*, 365 Or 418, 446 P3d 542 (2019) (internal citation omitted). Here, the trial court was not aware that defendant intended to raise the issue of voluntary intoxication at the time that it made its initial ruling. Once defendant raised the issue through his jury instruction request, the court had "broad discretion" over whether to revisit its earlier ruling in view of that new information.

We next consider the state's contention that any error in the trial court's determination that the video would be admissible if defendant pursued the voluntary intoxication instruction would not be a reversible error, given that the video was never admitted at trial. The state's position, as we understand it, is that, to establish reversible error on appeal, defendant had no choice but to maintain his request for UCrJI 1102 and accept the introduction of the video in accordance with the court's ruling.

In our view, the state's position conflicts with the approach taken by the Supreme Court in *State v. Foster*, 296 Or 174, 674 P2d 587 (1983). In that case, one of the state's witnesses had a plea agreement with the District Attorney's Office. *Id.* at 176. The plea agreement contained a condition requiring that witness to take a polygraph examination. *Id.* The defendant sought a ruling from the trial court that he could impeach the witness with evidence of the plea agreement without opening the door to the introduction of evidence about the polygraph test. *Id.* The court ruled otherwise, concluding that, if the defendant asked the witness on cross-examination about the plea agreement, the court would permit the state to introduce evidence of the polygraph condition on redirect. *Id.* at 179-80. As a result of that

ruling, the defendant did not inquire about the plea agreement on cross-examination of the witness. *Id.* at 176.

On appeal, we affirmed. We concluded that, to establish reversible error, the defendant had to have cross-examined the witness about the plea agreement, and the evidence of the polygraph condition had to have been received. *See id.* (quoting the ruling of the Court of Appeals).[1] The Supreme Court disagreed. It held that "defense counsel adequately protected his client's record" by objecting to the introduction of evidence of the polygraph condition and by sufficiently demonstrating that, but for the court's ruling regarding the admissibility of the evidence of the polygraph condition, the defendant would have impeached the witness by questioning him about his plea agreement. *Id.* at 176, 179-81. The court concluded further that the trial court committed reversible error by ruling that the evidence of the polygraph condition would have been admissible if the defendant had impeached the witness with evidence of the plea agreement. *Id.* at 184.

This case is in a similar posture to *Foster*. As in *Foster*, the record below demonstrates how the trial would have unfolded if the trial court had not determined that it would admit the arrest video if defendant maintained his request for the instruction on voluntary intoxication. The evidence would not have been admitted, the instruction would have been delivered, and there is some likelihood that, under those circumstances, the result of the case could have been different. *See generally State v. Davis*, 336 Or 19, 32-33, 77 P3d 1111 (2003) (discussing what makes an error a reversible one). The omission of the instruction meant that the jury was left with no guidance from the court that it would have been proper for it to take into account how defendant's state of intoxication bore on whether he possessed the requisite criminal intent. Under those circumstances, as

---

[1] This court's conclusion in *Foster* that the defendant was required to accept the trial court's ruling, cross-examine the witness about the plea agreement, and allow the evidence of the polygraph condition to be admitted in order to establish a reversible error on appeal is consistent with the approach adopted by the United States Supreme Court in *Luce v. United States*, 469 US 38, 105 S Ct 460, 83 L Ed 2d 443 (1984). There, the Court held that, "to raise and preserve for review the claim of improper impeachment with a prior conviction, a defendant must testify" and allow the ostensibly improper impeachment to occur. *Id.* at 43.

was the case in *Foster*, if the court erred in ruling that the video was admissible, that error was a reversible one, even though defendant, based on the court's OEC 403 ruling, withdrew his request for the instruction so that the video was not admitted.

The final question is whether the trial court erred when it determined that the arrest video was relevant under OEC 401 on the point of how defendant's voluntary intoxication bore on his criminal intent and whether it abused its discretion when it determined that that probative value was not substantially outweighed by the danger of unfair prejudice.

We review for legal error a trial court's determination that evidence is relevant under OEC 401. *State v. Sparks*, 336 Or 298, 307-08, 83 P3d 304 (2004). "OEC 401 establishes a very low threshold for the admission of evidence, that is, evidence is relevant so long as it increases or decreases, even slightly, the probability of the existence of a fact that is of consequence to the determination of the action." *Id.* at 307 (internal quotation marks omitted).

Under that "very low threshold," the trial court did not err in concluding that the arrest video was probative of defendant's state of intoxication, and how it might have affected his intent, at the time he dented the car two hours earlier. The video reflects that defendant was still intoxicated at the time of his arrest, allowing for an inference about his state of intoxication two hours earlier, and allowing for competing inferences about how that intoxication may have borne on whether he had the necessary criminal intent.

We review for abuse of discretion the trial court's determination under OEC 403 that the probative value of the arrest video was not substantially outweighed by the danger of unfair prejudice. *State v. Anderson*, 363 Or 392, 403, 423 P3d 43 (2018). "Evidence is unfairly prejudicial when it has an undue tendency to suggest a decision on an improper basis, commonly, although not always, an emotional one, and when the preferences of the trier of fact are affected by reasons essentially unrelated to the persuasive power of the evidence to establish a fact of consequence."

*State v. Lipka*, 289 Or App 829, 832, 413 P3d 993, *rev den*, 362 Or 860 (2018). In evaluating a trial court's discretionary ruling under OEC 403, our role is to assess whether the court's decision falls within the range of legally permissible choices. *Id*. at 833.

Having viewed the video, we conclude that the trial court's determination was not an abuse of discretion. Although the probative value of the video as to defendant's state of intoxication and mental state two hours earlier was not particularly high, neither was the risk of unfair prejudice posed by defendant's conduct at the time of arrest, as captured on the video. All in all, defendant's behavior was not so egregious that it risked causing jurors to convict him on an improper basis, or so a trial court permissibly could conclude—particularly, where, as here, the court recognized that the risk of unfair prejudice potentially could be mitigated with a limiting instruction. Given the relatively low probative value of the video, the trial court also would have acted within its discretion had it reached a contrary conclusion about its admissibility, but, on this record, that was not the only permissible legal outcome available to the court. *See Lipka*, 289 Or App at 832-33.

Affirmed.