Submitted February 11, affirmed March 18, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID WILLIAM FINCHER,
*Defendant-Appellant.*

Deschutes County Circuit Court
16CR57266; A167430

462 P3d 780

A. Michael Adler, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Powers, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for first-degree manslaughter, ORS 163.118; one count of DUII, ORS 813.010; five counts of third-degree assault—DUII, ORS 163.165(2)(b); and eight counts of recklessly endangering another person, ORS 163.195. Defendant drove drunk, killing a two-year-old girl and injuring five other people. Defendant challenges the denial of his motion to suppress evidence of two blood draws—one medical and one taken later at the direction of law enforcement—and the trial court's decision to admit crash-scene photographs of the deceased child victim. We affirm.

*Medical blood draw.* Defendant first contends that the trial court erred in denying his motion to suppress evidence of the blood draw taken for medical purposes at the hospital after the collision. Defendant acknowledges that our decision in *State v. Miller*, 284 Or App 818, 395 P3d 584, *vac'd*, 362 Or 300, 408 P3d 1079 (2017), would foreclose his assignment of error had the Supreme Court not vacated that decision due to the defendant's death. He urges us to abandon the rationale in *Miller* and take a different approach here. The state asks us to readopt our holding in *Miller* and reject defendant's contentions. We are not persuaded that our decision in *Miller* was incorrect and, for that reason, expressly readopt it here. Under *Miller*, the trial court's denial of defendant's motion to suppress the evidence of the medical blood draw is correct.

*Law enforcement blood draw.* Defendant next challenges the denial of his motion to suppress evidence of a second blood draw taken at the request of law enforcement. Any error, however, is harmless. The evidence of the second blood draw did not add anything to the evidence of the medical blood draw and had little likelihood of affecting the verdict in view of our determination that the trial court properly admitted the medical blood draw.

*Photographs of child victim.* Defendant finally contends that the trial court abused its discretion under OEC 403 by concluding that the probative value of crash-scene photographs of the child victim was not substantially outweighed by the risk of unfair prejudice posed by those

photographs. *See State v. Baughman*, 361 Or 386, 406, 393 P3d 1132 (2017) (review of trial court's balancing under OEC 403 for abuse of discretion). We conclude that the trial court's exercise of discretion was within the range of permissible choices available to it. *See State v. Gibson*, 299 Or App 582, 589, 451 P3d 259 (2019) ("[T]he trial court also would have acted within its discretion had it reached a contrary conclusion about its admissibility, but, on this record, that was not the only permissible legal outcome available to the court."). In reaching this conclusion, we affirmatively reject the state's arguments that the court's placement of the photographs in an envelope so that the jury would have the option of not looking at them is relevant to the question of whether the court abused its discretion under OEC 403. That inquiry necessarily must rest on the presumption that a jury will consider all properly admitted evidence, whether or not enclosed in an envelope, and we do not understand the court to have relied on the envelope procedure in its OEC 403 analysis.

Affirmed.