Argued and submitted December 3, 2021, reversed and remanded May 18, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANGELA SUSAN ABBOTT,
*Defendant-Appellant.*

Union County Circuit Court
18CR53751; A171539

510 P3d 935

Defendant appeals from a judgment of conviction for various crimes and raises three different assignments of error. First, she argues that the record does not reflect a knowing and intelligent waiver of her right to counsel. Specifically, defendant argues that the trial court did not engage in a colloquy on the record and the record is otherwise insufficient to satisfy the requirements of *State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992). *Held*: The Court of Appeals agreed with defendant that the trial court erred in accepting her waiver of counsel. The court explained that despite the trial court's written order noting that it had reviewed with defendant the right to counsel and the benefits and disadvantages of proceeding without a lawyer, the substance of that discussion, and not merely that it had occurred, appeared nowhere in the record. The court's resolution on that assignment of error obviated the need to address the remaining assignments of error.

Reversed and remanded.

Thomas B. Powers, Judge.

Erik Blumenthal, Deputy Public Defender, argued the cause for the appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Lauren P. Robertson, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before James, Presiding Judge, and Lagesen, Chief Judge, and Kistler, Senior Judge.

JAMES, P. J.

Reversed and remanded.

**JAMES, P. J.**

Defendant appeals from a judgment of conviction for various crimes, arguing that the record does not reflect a knowing and intelligent waiver of her right to counsel, because the trial court did not engage in a colloquy, on the record, nor is the record otherwise sufficient to satisfy the requirements of *State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992). We agree, and reverse and remand.[1]

We review a trial court's acceptance of a waiver of the right to counsel for legal error. *State v. Langley*, 351 Or 652, 666, 273 P3d 901 (2012); *State v. Guerrero*, 277 Or App 837, 838, 373 P3d 1127 (2016). In determining whether the trial court erred, we view a waiver of the right to counsel "in light of the circumstances particular to each case." *State v. Erb*, 256 Or App 416, 420, 300 P3d 270 (2013); *State v. Culver*, 198 Or App 267, 269, 108 P3d 104 (2005). Here, the pertinent facts are procedural and not in dispute.

The state arraigned defendant on August 13, 2018, at which point defendant stated that she did not know whether she wanted an attorney. The court told her, "Well, if in doubt, you get a lawyer. It's an absolute constitutional right. And I have to remind you, you're facing multiple felony counts here where a lawyer is going to be critically important to protect your interests."

Defendant was represented by counsel for the next nine months. Then, on May 17, 2019, defendant's counsel informed the court that defendant would like to represent herself:

"[DEFENSE COUNSEL]:  Your Honor, my client has now informed me she wishes to represent herself in this matter it sounds like. So I would be—

"THE COURT:  All right. Well, what we'll need to do, [defense counsel], is you'll need to file the appropriate motion. We may have a hearing on that motion and at that hearing, we'll have a colloquy with [defendant] about how she would want to proceed. So get something filed, we'll tee it up."

---

[1] Our resolution on defendant's first assignment of error obviates the need to address any of her remaining assignments of error.

The same day, after the hearing, defense counsel filed a motion to withdraw as appointed counsel on the grounds that defendant had discharged him and wished to represent herself, and the court granted the motion that afternoon. On May 22, 2019, defendant appeared before the court on a pretrial conference at which time, defendant proceeded *pro se*:

"THE COURT:   All right.

"This is the time set for a pretrial conference. This is a 60-day custodial speedy trial case with a priority setting on June 6 and June 7 for a two-day jury trial.

"It's a matter in which [defendant] has indicated a desire to waive counsel and represent herself at trial. Her attorney has filed the proper papers to withdraw as counsel. It's a mandatory withdrawal under the Oregon Rules of Professional Conduct and that motion was granted; so [defendant] is in a position where she would be a self-represented litigant at trial.

"So, [defendant], this is set for Thursday and Friday, June 6 and 7th. Are you prepared to go forward on those dates?

"[DEFENDANT]:   Yes, sir.

"THE COURT:   All right."

All parties on appeal are in agreement that the record does not reflect that the trial court engaged in any colloquy with defendant regarding self-representation at that time, though the court informed defendant she would need to complete a waiver of counsel form that the court would send to her in custody, and she could write any handwritten notes on the waiver. The next day, defendant submitted a handwritten notice to the court stating:

"[I] hereby request and demand that I will represent myself on this case and being of sound mind, body, and spirit and soul—do hereby acknowledge that I stand under God alone and will conduct myself in a manner I deem to be acceptable. I will seek truth, be honest and am willing to waive traditional counsel as my counsel comes from God alone."

On May 29, 2019, the court stamped on the bottom of defendant's request:

> "I find that defendant's waiver of counsel—even though not in the form of a standard waiver—is knowingly, freely, and voluntarily made. The court and [defendant] have reviewed together the right to counsel as well as the benefits of having a lawyer and the disadvantages of proceeding without a lawyer. She understands the elements of the charges against her, her right to discovery, and her right to a jury trial. Her waiver is accepted."

Defendant proceeded to trial where she represented herself and was ultimately convicted. This appeal followed.

Article I, section 11, of the Oregon Constitution entitles a criminal defendant "to be heard by [herself] and counsel." A defendant has the constitutional right either to be represented by counsel or, if she so elects, to represent herself. *State v. Hightower*, 361 Or 412, 416-17, 393 P3d 224 (2017); *State v. Verna*, 9 Or App 620, 624, 498 P2d 793 (1972). The constitutional right to counsel may be waived, but the record must reflect that any such waiver was "voluntarily and knowingly made." *State v. Easter*, 241 Or App 574, 583, 249 P3d 991 (2011) (citing *Meyrick*, 313 Or at 132). "To knowingly waive the right to counsel, a defendant must be aware of the right to counsel and also understand the risks inherent in self-representation." *Easter*, 241 Or App at 584 (citing *Meyrick*, 313 Or at 132-33). The preferred method of making such a record is for the court to engage in a colloquy with the defendant, on the record, of the risks of self-representation—otherwise known as a *Meyrick* colloquy. "The obligation rests with the court to determine whether the waiver of counsel is made knowingly." *Id.* at 582. The "failure to even mention any of the risks of self-representation, or put on the record any facts indicating that defendant understood the risks, is akin to the circumstances that we have described as *prima facie* error." *State v. Todd*, 264 Or App 370, 380, 332 P3d 887, *rev den*, 356 Or 401 (2014).

Despite the preference for a *Meyrick* colloquy, in its absence we can affirm a trial court's acceptance of a defendant's waiver if, under the totality of the circumstances, the record reflects that the defendant understood the risks of proceeding without counsel, that is, a defendant "substantially appreciates the material risks of self-representation in his or her case." *State v. Jackson*, 172 Or App 414, 423,

19 P3d 925 (2001). The appreciation of the risks must be grounded in the defendant's case; they cannot be general or abstract. A "defendant's abstract knowledge that there may be risks or disadvantages of self-representation, without any appreciation of what those risks may be, is insufficient." *Id.*

Here, the parties agree that no *Meyrick* colloquy occurred at the time of defendant's waiver of counsel. Nevertheless, the state argues that we can infer, from the totality of the record, that defendant understood the risks of self-representation. We disagree that the record here suffices.

The record reflects that defendant had only one prior conviction, and the record is silent as to whether that case even proceeded through trial. And while the record does show that defendant had waived counsel in the past, that was in the context of a noncriminal dependency proceeding. The only mention of the risks of proceeding without a lawyer occurred briefly at arraignment, nine months prior to the waiver. Finally, while the trial court does note in its order that "[t]he court and [defendant] have reviewed together the right to counsel as well as the benefits of having a lawyer and the disadvantages of proceeding without a lawyer," that discussion—and critically, the substance of that discussion, not just that it merely occurred—appears nowhere in the record. "[*T*]*he record* must reflect" that any waiver of counsel is "voluntarily and knowingly made." *Easter*, 241 Or App at 583 (citing *Meyrick*, 313 Or at 132 (emphasis added)).

Reversed and remanded.