No. 939            December 26, 2024            105

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRADLEY DEAN ZIMMER,
*Defendant-Appellant.*

Klamath County Circuit Court
1500834CR, 21CR20248; A176846 (Control), A178729

Alycia E. Kersey, Judge. (Judgment in 1500834CR)

Lorenzo Mejia, Judge. (Judgment in 21CR20248)

Argued and submitted November 19, 2024.

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission. Bradley Dean Zimmer filed the supplemental brief *pro se*.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and DeVore, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

In this consolidated appeal, defendant appeals a judgment of conviction in Case No. 1500834CR for one count of first-degree burglary, ORS 164.225; one count of first-degree rape, ORS 163.375; one count of fourth-degree assault, ORS 163.160; and one count of tampering with evidence, ORS 162.295.

As to that judgment, defendant raises three assignments of error through counsel, contending that (1) the trial court erred when it allowed his retained counsel, Walsh, to withdraw; (2) the trial court erred when it allowed his court-appointed counsel, Guest, to withdraw; and (3) the trial court erred when it accepted defendant's waiver of counsel. Defendant also filed a *pro se* supplemental brief, in which we understand him to raise two assignments of error concerning that judgment: (1) that the trial court judge should have recused herself, and (2) that the trial court erred when it accepted defendant's waiver of counsel.

Defendant also appeals a judgment of conviction in Case No. 21CR20248 for one count of telephonic harassment, ORS 166.065. As to that judgment, defendant raises one assignment of error through counsel (his fourth assignment of error on appeal), in which he contends that the trial court erred when it imposed a compensatory fine.

We conclude that the trial court did not err, and we affirm.

*The trial court did not err in allowing Guest and Walsh to withdraw.* As noted, in his first two assignments of error, defendant contends that the trial court erred in allowing a court-appointed attorney, Guest, and a retained attorney, Walsh, to withdraw.[1]

---

[1] The state contends that, if we agree with its argument as to the third assignment of error that defendant raises through counsel—*i.e.*, if we agree that the trial court did not err in accepting defendant's waiver of his right to counsel— his first two assignments of error are moot. Given the interconnected nature of the first three assignments of error that defendant raises through counsel, it is not apparent that we need not address the merits of the first two assignments of error, although we do ultimately agree with the state that the trial court did not err in accepting defendant's waiver of the right to counsel.

Regarding Walsh, we understand defendant to argue, among other points, that the trial court, in allowing Walsh to withdraw, denied defendant the right to be represented by retained counsel of his choosing under *State v. Autele*, 372 Or 489, 551 P3d 376 (2024), because defendant "did not consent" to Walsh's withdrawal and instead "seemed to object to the court's allowance of the withdrawal." Additionally, defendant argues that the trial court erred when it "allowed Walsh to withdraw and forced defendant to choose between representing himself or retaining a lawyer," because defendant could not afford to retain a lawyer at that time.

Among the difficulties with defendant's arguments is that they start from a false premise: the record does not support defendant's assertion that he "did not consent" and "seemed to object" to the trial court allowing Walsh to withdraw from representing him. Instead, the record reflects that after Walsh moved to withdraw for an "ethical reason," defendant told the court that he believed that Walsh had misled him concerning a settlement offer that Walsh had provided to the district attorney and then tried to "smooth talk it over" with defendant. And defendant later explained to the court his view that that settlement offer was a "backdoor deal" that Walsh had "tried to rail [him] on," and that Walsh's conduct (or his billing practices) were "criminal."

Because we do not understand defendant to be correct that he "seemed to object" to Walsh withdrawing as counsel, we think that defendant's reliance on *Autele* is misplaced. The issue in *Autele* was whether the trial court abused its discretion when it "den[ied] defendant's request to be represented by the attorneys that he had retained." 372 Or at 491. Here, defendant, unlike the defendant in *Autele*, did not communicate to the court that he wanted to continue to be represented by Walsh, but appeared to communicate the opposite, and so it is not the case that the trial court denied defendant the right to be represented by retained counsel of his choosing. *Cf. id.* at 494 (noting "constitutional right to counsel includes the right to be represented by retained counsel of choice").[2]

_____

[2] *Autele* is also distinguishable because in *Autele* the defendant's retained counsel sought to continue representing the defendant because, presumably, they assessed that they were able to do so notwithstanding a potential ethical issue. 372 Or at 492. Here, Walsh moved to *withdraw* from representing defendant.

As for defendant's argument that the trial court "forced defendant to choose between representing himself or retaining a lawyer" when it allowed Walsh to withdraw, the record does not reflect that, at the time that Walsh withdrew as counsel, defendant was eligible for court-appointed counsel. And, in any event, as explained further below, before defendant waived his right to counsel and decided to proceed to trial *pro se*, the trial court offered to appoint an attorney for defendant from Klamath Defender Services. Defendant declined that offer.

Regarding the withdrawal of Guest, defendant makes a similar argument to the one that he makes with regard to Walsh that the trial court erred when it allowed Guest to withdraw and forced defendant either to retain counsel or represent himself. The difficulty with defendant's argument, again, is that the record does not reflect that defendant was financially eligible for court-appointed counsel at the time of Guest's withdrawal.

Defendant also argues that the trial court erred in not conducting a more thorough inquiry of Guest about the nature of the conflict that led to his withdrawal. But it is undisputed that it was defendant himself who refused to waive the conflict that caused Guest to withdraw. We are aware of no authority suggesting that it is error to allow an attorney to withdraw from representation when there is an ethical conflict that is waivable, and the defendant refuses to waive that conflict; the cases defendant cites, *e.g.*, *State v. Stanton*, 369 Or 707, 511 P3d 1 (2022) and *State v. Langley*, 351 Or 652, 273 P3d 901 (2012), certainly do not stand for that proposition. Nor can we conclude that it was error to do so in this case, where the trial court offered to appoint an attorney for defendant immediately before defendant decided to proceed *pro se*, and defendant declined that offer and stated his intent to proceed *pro se*, telling the trial court, "I think I want to do it myself, Your Honor," and "I'm representing myself."[3]

---

[3] Defendant also argues that the trial court hindered his ability to retain counsel by offering to *release* defendant's bail money to an attorney that defendant retained but declined to release that money directly to defendant.

Defendant has not assigned error to any ruling on that issue, and we therefore do not address it.

*The trial court did not err when it accepted defendant's waiver of counsel.* In defendant's third assignment of error through counsel and his second *pro se* assignment of error, defendant contends that the trial court erred in accepting his waiver of the right to counsel. Defendant argues that he did not "freely choose to represent himself" and, instead, that "the court left him with little alternative."

"A defendant has the constitutional right either to be represented by counsel or, if she so elects, to represent herself." *State v. Abbott*, 319 Or App 578, 581, 510 P3d 935 (2022). "The constitutional right to counsel may be waived, but the record must reflect that any such waiver was voluntarily and knowingly made." *Id.* (internal quotation marks omitted). "The preferred method of making such a record is for the court to engage in a colloquy with the defendant, on the record, of the risks of self-representation—otherwise known as a *Meyrick* colloquy." *Id.*; *see also State v. Meyrick*, 313 Or 125, 133, 831 P2d 666 (1992) ("A colloquy on the record between the court and the defendant wherein the court, in some fashion, explains the risks of self-representation is the preferred means of assuring that the defendant understand the risks of self-representation.").

"We review a trial court's acceptance of a waiver of the right to counsel for legal error." *Abbott*, 319 Or App at 579. "In determining whether the trial court erred, we view a waiver of the right to counsel in light of the circumstances particular to each case." *Id.* (internal quotation marks omitted).

Having reviewed the record, we conclude that the trial court did not err in accepting defendant's waiver of his right to counsel. In reaching that conclusion, we highlight that on July 20, 2020, the trial court engaged in an on-the-record discussion with defendant about the risks of self-representation and obtained information about, among other facts, defendant's age, education level, and mental capacity. *Meyrick*, 313 Or at 132 ("Whether there has been an intentional relinquishment or abandonment of a known right or privilege will depend on the particular circumstances of each case, including the defendant's age, education, experience, and mental capacity; the charge (whether complicated

or simple); the possible defenses available; and other relevant factors."). After that colloquy, defendant requested that the court reappoint Guest to represent him.

On July 21, 2021, Guest appeared and explained that he did not think he could be a "zealous advocate" for defendant. That was because Guest knew an individual, L, who was a resident of the premises that defendant was accused of burglarizing and the romantic partner of the woman whom defendant was accused of raping. After Guest informed the court that he could not be a zealous advocate for defendant, defendant told the court that he was "leaning" toward not having Guest represent him "anyway."

The trial court then offered to appoint an attorney for defendant from Klamath Defender Services, and defendant said that he wanted to represent himself stating, as noted above, "I think I want to do it myself, Your Honor" and "I'm representing myself."

A week later, on July 28, 2020, at a subsequent hearing, defendant reiterated that he wanted to represent himself. The trial court then engaged in a *Meyrick* colloquy with defendant in which it explained that defendant had the right to counsel, explained the risks of self-representation, verified that defendant was not subjected to coercion that might render his waiver involuntary, and again obtained information regarding defendant's age, education level, and mental capacity. After that colloquy, the trial court found that defendant "appreciate[d] the dangers, [and] knowingly, voluntarily, [and] intelligently, waived [his] right to counsel." *State v. Easter*, 241 Or App 574, 584, 249 P3d 991 (2011) ("The 'voluntary' component refers to an intentional act that is not induced through coercion. * * * To knowingly waive the right to counsel, a defendant must be aware of the right to counsel and also understand the risks inherent in self-representation.").

Given the record in this case and after assessing "the record as a whole" as required under *Meyrick*, *see State v. Nightingale*, 331 Or App 18, 22, 545 P3d 165 (2024), including the context in which the waiver of counsel occurred, we conclude that the trial court did not err in accepting defendant's waiver of the right to counsel.

As for defendant's argument that he did not "freely choose to represent himself" and that "the court left him with little alternative" but to represent himself, defendant's assertion is simply not supported by the record, particularly in view of the trial court's offer to appoint an attorney for defendant.

*The trial court judge did not err in failing to recuse herself in Case No. 1500834CR.* In his first *pro se* assignment of error, defendant contends that the trial court judge in Case No. 1500834CR should have recused herself because, as we understand his argument, she had previously worked at the Klamath County District Attorney's Office and was a coworker of the victim in Case No. 21CR20248.[4] As authority, defendant relies on the Due Process Clause of the United States Constitution and ORS 14.210. The state responds that the trial court did not err.

Having considered defendant's arguments and the record, we conclude that neither the Due Process Clause nor ORS 14.210 required the trial court judge to recuse herself: Defendant's Due Process Clause argument fails because there was "nothing here approaching a reasonable and objective perception from which one could or should extrapolate a constitutionally intolerable risk of judicial bias in this matter," *State v. Langley*, 363 Or 482, 508, 424 P3d 688 (2018), *adh'd to as modified on recons*, 365 Or 418, 446 P3d 542 (2019), *cert den*, ___ US ___, 141 S Ct 138 (2020); his ORS 14.210 argument fails because none of the bases for disqualification set forth in that statute are applicable.

*The trial court did not err when it imposed a compensatory fine.* In his fourth assignment of error raised through counsel, defendant asserts that the trial court erred when it imposed a compensatory fine. As defendant sees it, "the record does not support a determination that [the victim] suffered economic damages." Defendant further requests that we review the asserted error as plain error, assuming that we determine that the asserted error is not preserved.

---

[4] We note that a Senior Assistant Attorney General from the Oregon Department of Justice conducted the trial in defendant's case.

Having reviewed the record, we conclude that defendant did not preserve his claim of error. After the state asked the court to impose the compensatory fine, defendant asked the court not to impose a compensatory fine "given the sentence that [defendant] is serving." That request would not have alerted the trial court to the issue that defendant now raises on appeal, *i.e.*, that a compensatory fine was impermissible because the record does not support a determination that the victim suffered economic damages. *State v. Skotland*, 372 Or 319, 327, 549 P3d 534 (2024) ("[P]reservation requires a party to explain its objection clearly enough for the opposing party, and the trial court, to understand the issue and either avoid an error, or correct an error if one has occurred.").

Further, we conclude that any error is not plain, given evidence that, as a result of defendant's conduct, the victim "substantially alter[ed] [his] routine," which included driving a "circuitous" route to and from work. In our view, it is not "beyond reasonable dispute" that the trial court could not infer from that evidence that the victim incurred economic damages in the form of an increased cost of commuting. *State v. Serrano*, 355 Or 172, 200, 324 P3d 1274 (2014), *cert den*, 372 Or 319 (2015) ("With respect to the obviousness requirement [of plain error], defendant must demonstrate both that (1) the legal principles on which he relies are 'obvious' and beyond reasonable dispute and (2), applying those 'obvious' legal principles to the evidence in the record, the state's proof was legally insufficient."); *State v. Kellison*, 289 Or App 55, 56-57, 407 P3d 978 (2017), *rev den*, 362 Or 665 (2018) ("[I]f a victim has incurred economic damages, the court may order that any portion of the fine imposed be shared with the victim, even if there is no evidence of the specific amount of economic damages incurred.").

Affirmed.