Argued and submitted May 18, 2021, affirmed April 6, petition for review allowed July 28, 2022 (370 Or 197)
See later issue Oregon Reports

Gregg LAWRENCE,
*Plaintiff-Appellant,*

*v.*

OREGON STATE FAIR COUNCIL,
a State of Oregon public corporation,
*Defendant-Respondent.*

Marion County Circuit Court
18CV05390; A172888

508 P3d 42

Plaintiff sued defendant for negligence. At trial, plaintiff sought to offer evidence that another person had slipped on the same bleachers a few minutes after his own fall. Plaintiff intended to offer that evidence through his testimony; he also informed the court that his family members had witnessed the fall as well. The trial court excluded that evidence because plaintiff and his family members had a "self-serving interest" and the court did not believe that "that form of evidence would be appropriate." On appeal, plaintiff assigns error to that exclusion, arguing that the trial court erred in applying OEC 403. *Held*: The Court of Appeals has an independent obligation to determine whether an error is preserved. *State v. Wyatt*, 331 Or 335, 346-47, 15 P3d 22 (2000). On appeal, plaintiff's argument relies exclusively on OEC 403. Because plaintiff failed to preserve an argument that the trial court's ruling was incorrect under OEC 403, the court concluded that it could not review his unpreserved assignment of error.

Affirmed.

Audrey J. Broyles, Judge.

Kevin T. Lafky argued the cause for appellant. Also on the briefs was Lafky & Lafky.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Mooney, Presiding Judge, and Joyce, Judge, and DeVore, Senior Judge.*

JOYCE, J.

Affirmed.

_____
* Joyce, J., *vice* DeHoog, J. pro tempore.

**JOYCE, J.**

Plaintiff sued the Oregon State Fair Council (defendant) for negligence after slipping on wet bleachers while attending the Oregon State Fair. At trial, plaintiff sought to offer evidence that another person had slipped on the same bleachers a few minutes after his own fall. The trial court initially excluded the evidence under OEC 403. However, during trial, the court ruled that defendant had opened the door to that evidence. The court nonetheless excluded the evidence based on the "form of evidence." Plaintiff assigns error to that exclusion, arguing that the trial court erred in applying OEC 403. Because we conclude that plaintiff failed to preserve his claim of error, we affirm.

For purposes of resolving the issue presented on appeal, the relevant background facts are few. Plaintiff attended the fair with his wife and mother. Plaintiff's mother has difficulties walking long distances and uses a wheelchair. Plaintiff and his family went to see a performance, the seating for which included both covered and uncovered bleacher-style metal seating. Plaintiff saw available seating in the uncovered area. He went to the seats and wiped them off because it had been raining. Plaintiff escorted his mother and wife to the seats. Plaintiff then stood up to move his mother's wheelchair. As he began to make his way down the bleachers, he slipped and fell, bouncing the remaining way down the stairs. Plaintiff suffered a back injury as a result of the fall.

Plaintiff sued defendant for negligence, alleging that defendant had failed to maintain its premises in a reasonably safe manner. In his complaint, plaintiff alleged that he saw another individual slip in a similar manner shortly after he fell.

Before trial, defendant filed a motion *in limine* to exclude evidence about the other individual who fell. That evidence consisted entirely of plaintiff's description of his observations of seeing another person fall: "It wasn't just me. Within two minutes—90 seconds of me falling a little girl down—on the same bleacher, she fell *** [s]he fell exactly like I did." In urging the trial court to exclude that evidence, defendant argued that the evidence was minimally probative

and would be unduly prejudicial under OEC 403.[1] More specifically, in defendant's view, to the extent that the evidence was minimally probative to show that the bleachers were unreasonably slippery, the evidence was unfairly prejudicial because the identity of the young girl was unknown, and she was not a witness at trial. In response, plaintiff argued that the evidence was admissible to prove that the wet bleachers were "in an unreasonably dangerous condition" (and thus relevant to his negligence claim) and the fact that the young girl was unknown did not substantially outweigh the probative value of the evidence.

During the hearing on the motion *in limine*, defendant clarified that, were it to offer evidence that no one else fell on the bleachers, the evidence of the young girl falling would become relevant. But defendant insisted that it was not going to offer such evidence. The trial court thus granted the motion *in limine*, concluding that "if it becomes an issue during the testimony I'll reconsider it."

During defendant's cross-examination of plaintiff, defendant's counsel asked about plaintiff's mother's physical condition. Defendant's counsel then asked, "So she didn't have any trouble getting up or down these bleachers herself, did she?" Plaintiff responded that he helped his mother and his wife, to which defendant's counsel again asked, "But even with your help your elderly mother didn't have any trouble getting up and down these bleachers?" Plaintiff responded, "Correct."

During a break following that testimony, plaintiff asserted that defendant had opened the door to the testimony of the young girl falling by asking whether plaintiff's mother had successfully navigated, *i.e.*, had not fallen on, the bleachers. The court agreed. The court noted that it had previously excluded the evidence "because I don't think that that [evidence] is admissible. And I think it complicates and prejudices." However, the court concluded that defendant's

---

[1] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

counsel had nonetheless opened the door by asking about plaintiff's mother and whether she had climbed the bleachers without falling.

The court then asked plaintiff's counsel how he intended to offer evidence of the young girl's fall. Plaintiff's counsel explained that it would be through plaintiff's testimony, and that his wife and mother had witnessed the fall as well. Based on that representation, the trial court excluded the evidence. It concluded that, although defendant had opened the door, because the evidence was coming from plaintiff and his family members who had a "self-serving interest," it did not "think that form of evidence would be appropriate." Plaintiff did not offer any objection to the trial court's conclusion that the form of evidence was not appropriate or otherwise request that the court clarify its ruling.

The jury ultimately found that defendant was not negligent, and the trial court entered a judgment in defendant's favor.

Plaintiff appeals. In his single assignment of error, he asserts that the trial court erred in excluding evidence of the young girl's fall after concluding that defendant had opened the door:

> "The trial court erred in excluding relevant evidence regarding another fall at the same time as Plaintiff's fall and at the same location of Plaintiff's fall. While such evidence was relevant to Plaintiff's case, it became even more relevant and necessary once Defendant argued that Plaintiff's mother did not fall at the same time/location. Excluding the evidence after Defendant raised the issue of Plaintiff's mother's lack of falling was error."

Plaintiff begins his argument with the statement that the trial court "erred in denying plaintiff's request to admit relevant evidence after Defendant's questioning opened the door to the admissibility of the evidence." Thus framed, plaintiff has not assigned error to the trial court's initial decision to grant defendant's motion *in limine* and exclude the evidence of the similar fall. Rather, plaintiff's claim of error is that, after the court concluded that defendant had opened the door, the court erred in nonetheless excluding the evidence.

Although the trial court excluded the evidence on the basis of its "form," plaintiff frames his argument in OEC 403's terms, contending that the evidence was probative and not unfairly prejudicial. In response, defendant argues that the evidence, while minimally probative, is outweighed by the danger of unfair prejudice. Both parties assert that plaintiff's claim of error is preserved. For his part, plaintiff points to the memorandum in opposition he filed in response to defendant's motion *in limine* and to the arguments that were made at the hearing on that motion. He also points to the colloquy between the parties and the court after the court concluded that defendant had opened the door to the evidence that the court had previously excluded.

Despite the parties' agreement that the claim of error is preserved, we have an independent obligation to determine whether an error is preserved. *State v. Wyatt*, 331 Or 335, 346-47, 15 P3d 22 (2000) (concluding that we could not review an unpreserved claim of error, even where the defendant conceded that the error was preserved). "The general requirement that an issue, to be raised and considered on appeal, ordinarily must first be presented to the trial court is well-settled in our jurisprudence." *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). "Preservation is a prudential doctrine, and its requirements 'can vary depending on the nature of the claim or argument; the touchstone in that regard, ultimately, is procedural fairness to the parties and to the trial court.'" *State v. Weaver*, 367 Or 1, 16, 472 P3d 717 (2020) (citing *Peeples*, 345 Or at 220). Preservation requirements apply with equal force to the court's OEC 403 balancing. *State v. Kelley*, 293 Or App 90, 96-97, 426 P3d 226 (2018).

Notwithstanding the parties' agreement that the claim of error is preserved, we respectfully disagree with their assessment. As set forth above, the trial court concluded that defendant had opened the door, but it nonetheless excluded the evidence, because the evidence was to be offered by plaintiff and his family members, who had a "self-serving interest," and the court did not believe that "that form of evidence would be appropriate." Plaintiff did not object to the court's conclusion or offer any argument as to why the "form of evidence" was appropriate and the

evidence was admissible. It may be that the parties were caught off guard by the trial court's ruling, given that no party had addressed the form of the evidence (and its apparent self-serving nature) as a reason to admit or exclude the evidence. But it was nevertheless incumbent upon plaintiff to preserve any arguments that he had about why that ruling was wrong. If plaintiff believed, as he contends on appeal, that the court erroneously excluded the evidence based on improper balancing under OEC 403, plaintiff needed to point out that error to the court, thereby giving the court the opportunity to correct the error if necessary and to create a record as to the court's OEC 403 assessment, if indeed that was the basis for the court's exclusion of the evidence. *See State v. Hagner*, 284 Or App 711, 722, 395 P3d 58, *rev den*, 361 Or 800 (2017) (a party's failure to request balancing renders the claim of error unpreserved); *see also State v. Anderson*, 363 Or 392, 406, 423 P3d 43 (2018) ("[A] court will make a sufficient record under [*State v. Mayfield*, 302 Or 631, 733 P2d 438 (1987),] if the trial court's ruling, considered in light of the parties' arguments, demonstrates that the court balanced the appropriate considerations."); *id.* at 410 ("If defendant believed that further explanation than the trial court provided was necessary for meaningful appellate review, it was incumbent on him to request it.").[2] Having failed to do so, we cannot review his claim of error.[3] We therefore affirm.[4]

Affirmed.

---

[2] That said, it is not clear to us that the court's ruling is grounded in OEC 403. A conclusion that the form of evidence is not "appropriate" could encompass any number of legal bases, which illustrates one of the many rationales for the preservation requirement.

[3] Plaintiff does not request that we review the issue as plain error.

[4] Because we affirm, we do not address defendant's cross-assignment of error that the court erred in concluding that defendant had opened the door to the evidence of the other fall.