Argued and submitted December 1, 2022; decision of Court of Appeals
reversed, and case remanded to Court of Appeals for further proceedings
February 24, 2023

Gregg LAWRENCE,
*Petitioner on Review,*

*v.*

OREGON STATE FAIR COUNCIL,
a State of Oregon public corporation,
*Respondent on Review.*

(CC 18CV05390) (CA A172888) (SC S069473)

525 P3d 464

In this negligence case, defendant filed a pretrial motion to suppress evidence
of another person falling in the same area and around the same time as plaintiff
under OEC 403. Plaintiff responded to defendant's argument, and the trial court
granted that motion. When plaintiff renewed the issue during trial, the court
adhered to its prior ruling to exclude the evidence. Plaintiff appealed assigning
error to the trial court's exclusion of the evidence. The Court of Appeals affirmed,
holding that plaintiff had not done enough to preserve that issue. *Held*: Plaintiff's
argument is preserved.

The decision of the Court of Appeals is reversed, and the case is remanded to
the Court of Appeals for further proceedings.

On review from the Court of Appeals.*

Kevin T. Lafky, Lafky & Lafky, Salem, argued the cause
and filed the briefs for petitioner on review. Also on the briefs
was James P. Francis.

Robert A. Koch, Assistant Attorney General, Salem,
argued the cause and filed the brief for respondent on
review. Also on the brief were Ellen F. Rosenblum, Attorney
General, and Benjamin Gutman, Solicitor General.

Before Flynn, Chief Justice, and Duncan, Garrett, and
DeHoog, Justices, and Balmer and Walters, Senior Judges,
Justices pro tempore.**

_____

  * Appeal from Marion County Circuit Court, Audrey J. Broyles, Judge. 318
Or App 766, 508 P3d 42 (2022).

  ** Nelson, J., did not participate in the decision of this case. Bushong and
James, JJ., did not participate in the consideration or decision of this case.

WALTERS, S. J.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.

**WALTERS, S. J.**

In this negligence case, the trial court granted defendant's pretrial motion to exclude certain evidence. During trial, at plaintiff's request, the trial court reconsidered its ruling, but adhered to its decision to exclude the evidence. After a verdict for defendant, plaintiff appealed, assigning error to the trial court's evidentiary ruling. The Court of Appeals affirmed, concluding that plaintiff had not done enough to preserve the issue of the admissibility of the challenged evidence. We reverse and remand to the Court of Appeals for a determination of that issue on its merits.

## FACTS AND PROCEDURAL HISTORY

Plaintiff sued the Oregon State Fair Council (defendant) for negligence, alleging that defendant had failed "to supervise and maintain its premises in a reasonably safe manner" so that guests walking on the property would not be injured. Plaintiff alleged that, as a result, the aluminum bleachers at a show that he attended with his wife and mother were wet and unsafe, causing him to fall and incur injuries.

Before trial, defendant filed a motion *in limine* to exclude certain evidence that it anticipated that plaintiff might offer at trial, including "any evidence or testimony concerning the alleged slip and fall of an eight- to ten-year-old girl at or around the time of [p]laintiff's fall as unduly prejudicial and minimally probative." Defendant acknowledged that that evidence would have some probative weight—"to establish that the bleachers [p]laintiff fell on were unreasonably slippery"—but argued that it would be unfairly prejudicial under OEC 403 because (1) it would insert "emotional testimony not related to [p]laintiff's fall or injuries, or the conditions on the portion of the bleachers that [p]*laintiff* slipped on" and (2) "the young girl [was] unknown, not a witness or subject to cross examination, and it [was] quite possible that she * * * was negligent in her own right." (Emphasis in original.)

In a written response, plaintiff confirmed that he intended to testify that he had witnessed the girl fall, and cited cases for the proposition that evidence of other

accidents is probative that a condition or course of action is in fact dangerous and that the defendant had notice of the dangerous condition. Plaintiff acknowledged that, to be admissible, the other accidents must have occurred under similar conditions and circumstances but argued that, in this case, that requirement was met. Plaintiff submitted that defendant's stated concerns about the source of the evidence—that the testimony did not come from the girl herself—did not substantially outweigh its probative value.

The court held a pretrial hearing to consider the parties' arguments. During that hearing, defendant conceded that evidence of the girl's fall would become admissible if it offered evidence that no one else had fallen on the bleachers, but defendant insisted that it would not do so. With that understanding, the trial court granted defendant's pretrial motion to exclude evidence of the girl's fall, with the caveat that, "if it becomes an issue during the testimony[,] I'll reconsider it." The court also expressly stated that it "underst[ood] the [plaintiff's] argument and it's preserved."

At trial, defendant questioned plaintiff about whether his elderly mother had experienced any difficulty navigating the bleachers. Plaintiff confirmed that she had not. Later, however, plaintiff asked the trial court to reconsider its pretrial ruling, arguing that defendant's line of questioning had opened the door to the evidence about the girl who had fallen at the same time and place. Defendant countered that plaintiff's testimony that his mother had not had difficulty navigating the bleachers was not testimony that nobody else had fallen and that it had not opened the door to testimony about the girl's fall. Defendant did not raise any other arguments against the admissibility of the evidence, and the trial court ruled as follows:

> "So I do think that the State opened the door to a degree that[,] if there was independent evidence of that slip and fall, that the Court would consider it, likely allow it as some kind of a report, another witness who didn't have some self-serving interest. But I think that it lacks that piece if that is the only evidence[,] that either the family member or [plaintiff] himself would testify to it.

"I would not allow that even though I think that the
State did do that[;] I don't think that form of evidence would
be appropriate."

Later in trial, plaintiff again asked the court to
reconsider, making the following argument:

"[P]art of my consideration * * * was the lack of what you
call corroborating evidence. Now, here I contend that we
have three witnesses independently that will testify to
this. I get that it's the [p]laintiff, his wife and his mother.
But they're not impeachable for any standard reason.

"* * * * *

"* * * [W]e know from [plaintiff's] report that * * * the
fair doesn't have a good injury reporting system.

"They didn't have a form. They didn't have a protocol.
They didn't appear to have any way to know how to deal
with this. And so when you say well, we'd like to have cor-
roborating evidence of the girl's fall, of course we would.
But we do have evidence of the girl's fall in the form of three
different witnesses' testimony.

"And to me it would go to the weight that could be
cross-examined but not to admissibility."

Defense counsel responded with the following argument:

"Well, Your Honor, I think you've already ruled and
it would * * * be prejudicial to change that ruling now. I
didn't go after the issue with the mom any further. * * * And
for them to bring that up now I think is prejudicial to the
defense.

"On the second point * * * that the fair didn't take [plain-
tiff's] information down * * * and then by analogy * * * we
don't know whether the girl did or not is a negative preg-
nant * * *.

"It's basically putting the burden on us to prove a neg-
ative. We don't know, assuming this young girl really did
fall, that she reported this to anybody."

The court adhered to its ruling excluding the evidence,
stating:

"The problem that I have is that these are all self-serving
statements. And granted * * * it isn't as though they are
impeached. But there isn't any separate indicia of reliability

other than [plaintiff] who *** has an interest in this matter. And his relatives coming in, wife and mom saying, 'Yes, and this happened.'

"There's no way to cross-examine about what that looked like, why she f[e]ll, how that happened. And I think that the fact that there isn't a report *** in and of itself doesn't mean that there isn't a process."

At the conclusion of the trial, the jury returned a verdict for defendant, and the trial court entered judgment in defendant's favor.

Plaintiff appealed, assigning error to the trial court's ruling excluding evidence of the girl's fall. Plaintiff argued, as he had in his written response to defendant's pretrial motion, that that evidence was admissible because it was probative and not unfairly prejudicial. In its answering brief, defendant expressly agreed that the issue was preserved and argued against plaintiff's assignment of error on its merits. Defendant argued that the evidence of the girl's fall was only minimally probative because it was vague, did not establish that defendant had notice of a dangerous condition, and derived from an unverifiable source (plaintiff's self-serving testimony). Defendant took the position that, if the evidence had any probative value, that value was substantially outweighed by the risk of unfair prejudice. Defendant offered no basis for exclusion of the contested evidence other than OEC 403.

In a written opinion, the Court of Appeals determined that plaintiff had failed to preserve the issue that he had raised on appeal. The court described the trial court's ruling as noting that defendant had opened the door but excluding the evidence because the "form of the evidence," testimony by witnesses with a "self-serving interest," was not appropriate. *Lawrence v. Oregon State Fair Council*, 318 Or App 766, 770, 508 P3d 42 (2022). The Court of Appeals noted that "[p]laintiff did not object to the [trial] court's conclusion or offer any argument as to why the 'form of evidence' was appropriate and the evidence was admissible," further explaining:

"It may be that the parties were caught off guard by the trial court's ruling, given that no party had addressed the

form of the evidence (and its apparent self-serving nature) as a reason to admit or exclude the evidence. But it was nevertheless incumbent upon plaintiff to preserve any arguments that he had about why that ruling was wrong. If plaintiff believed, as he contends on appeal, that the court erroneously excluded the evidence based on improper balancing under OEC 403, plaintiff needed to point out that error to the court, thereby giving the court the opportunity to correct the error if necessary and to create a record as to the court's OEC 403 assessment, if indeed that was the basis for the court's exclusion of the evidence."

*Id.* at 770-71. The court affirmed the trial court's decision, and plaintiff petitioned this court for review. We allowed review to address the Court of Appeals' preservation analysis.

## ANALYSIS

In the Court of Appeals, plaintiff assigned error to the trial court's exclusion of evidence of a girl's fall, at the same time and place as his own fall, after defendant opened the door to such evidence. Although defendant did not question preservation in the Court of Appeals, it does so here. Defendant cites *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000), for the proposition that, in general, "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." Defendant reasons that the specific evidentiary basis for the trial court's ruling excluding evidence of the girl's fall was unclear, submits that the trial court arguably excluded the proffered testimony for lack of personal knowledge under OEC 602, and faults plaintiff for failing to seek clarification of the basis for the trial court's ruling. Plaintiff takes the position that he did all that was necessary to preserve the issue on appeal.

We begin our analysis by reviewing the differing roles that parties have when a party moves to exclude evidence, objecting to its admissibility. The party seeking the exclusion of the evidence bears the burden of identifying the challenged evidence and stating a legal basis for its exclusion. *See id.* (party objecting to evidence generally

must make a timely objection to its admission and state the evidentiary basis for its objection); OEC 103(1)(a) ("Error may not be predicated upon a ruling which admits * * * evidence unless a substantial right of the party is affected, and * * * a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]"). When an objection to the admission of evidence is made, or a motion to exclude challenged evidence is filed, the party opposing exclusion preserves the arguments that that party makes in response. If the party opposing exclusion wishes to do more than accept the movant's description of the challenged evidence or meet the arguments that the movant made, then the party opposing exclusion must provide the additional description or make the additional arguments that that party wishes to have the court to consider. *See* OEC 103(1)(b) (requiring party appealing exclusion of evidence to show that "the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked"). That requirement ensures "that the trial court can make an informed decision" and "that appellate courts are able to determine whether the ruling was erroneous." *Rains v. Stayton Builders Mart, Inc.*, 359 Or 610, 634-35, 375 P3d 490 (2016). In determining whether a party that assigns error to a trial court's exclusion of evidence has satisfied that requirement, an appellate court considers whether the party provided an adequate description of both the proffered evidence and its purpose. *Id.* at 633-34.

In applying those general preservation rules here, it is evident that both parties proceeded as the rules require. Defendant timely filed its pretrial motion to exclude evidence of a girl's fall. Defendant cited OEC 403 as the evidentiary basis for its motion and argued that the challenged evidence had minimal probative value and that the source of the evidence—plaintiff's testimony rather than testimony from the girl herself—made its admission unfairly prejudicial. In his written response, plaintiff made clear that the girl had fallen close in time and on the same bleachers on which he had fallen and argued that that evidence was relevant to prove defendant's negligence, the unsafe condition of the bleachers, and defendant's knowledge of that unsafe

condition. Plaintiff further argued that the girl's unavailability as a witness did not substantially outweigh the probative value of that evidence. The trial court considered the arguments of both parties, agreed with defendant, and granted defendant's pretrial motion to exclude the evidence. Both defendant's objection to admissibility, as stated in its motion, and plaintiff's arguments, as stated in his response, were preserved.

During trial, when plaintiff asked the court to reconsider its pretrial ruling on the basis that defendant had opened the door to its admission, defendant apparently stood on its prior motion, objection, and argument. Defendant argued that it had not opened the door but did not voice a new objection to the admission of the evidence or a new basis for its exclusion. When plaintiff later repeated his request for reconsideration, defendant again did no more than note that the girl's identity was unknown and that the fact of her fall was contested, stating, "We don't know, assuming this young girl really did fall, that she reported this to anybody." The trial court again considered the arguments of both parties and adhered to its prior decision to exclude the challenged evidence.

Whether the court was correct in doing so depends, of course, on the basis for the trial court's ruling. Pretrial, defendant cited OEC 403 as the basis for its objection and motion, and that rule was apparently the basis for the trial court's pretrial ruling on that motion. When plaintiff sought reconsideration at trial, we can presume that defendant intended to renew its OEC 403 motion, objection, and argument. We cannot, however, presume that defendant made some other new, unstated, objection or argument or that the trial court understood defendant to have done so. *See State v. Haugen*, 349 Or 174, 199, 243 P3d 31 (2010) ("The responsibility for *** raising defendant's earlier objection again or making some other, more specific, objection rested with defendant's counsel."). Although the trial court explained its adherence to its pretrial ruling as based on a concern with the "form of the evidence," defendant did not voice such an objection or argument, and the court's use of that phrase may well have been tied to its stated concern about the

reliability of the evidence—that "there isn't any separate indicia of reliability other than [plaintiff] who *** has an interest in this matter." The reliability of the evidence may be a factor in an OEC 403 analysis because it may affect a court's evaluation of the evidence's probative value. *See State v. Lawson/James*, 352 Or 724, 757, 291 P3d 673 (2012) (so recognizing in context of eyewitness identification). The court's expressed concern with the "form of the evidence," or its "reliability," could therefore be understood to reflect, in different words, defendant's previously stated OEC 403 argument that the evidence was prejudicial because "the young girl is unknown, not a witness or subject to cross examination."

But, even if we were to understand the trial court as expressing a new and different reason for excluding the evidence, we would conclude, for two independent reasons, that plaintiff met his obligation to preserve his challenge to the trial court's ruling. First, it was defendant, not plaintiff, that moved to exclude the challenged evidence and that sought affirmance of the trial court's ruling granting that motion. If defendant believed that the trial court had a legal basis for that ruling other than OEC 403, then defendant had an obligation to obtain clarity and ensure that plaintiff had an opportunity to respond. Absent such clarification, defendant's argument for affirmance would be more difficult. If defendant wished to argue on appeal that the trial court's decision was correct, but for a reason other than that argued at trial, defendant would be required to demonstrate compliance with the prerequisites of the "right for the wrong reason" principle. *See Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001) (explaining principle and articulating prerequisites). The onus was not on plaintiff to inquire whether defendant had a new basis for excluding the evidence or to determine whether the trial court had an unargued legal basis for adhering to its prior ruling. When the court reconsidered the admissibility of the challenged evidence, we can presume that the court reconsidered defendant's prior OEC 403 argument and any other argument that defendant made at trial, but we cannot give defendant the benefit of an argument that defendant could have, but did not, make.

Second, even if we were to take the view that, when the trial court explained its adherence to its decision excluding the challenged evidence, plaintiff was required to address the court's statements, we would conclude that plaintiff did what was necessary to preserve the issue. After the court stated that defendant had opened the door to "independent evidence" but not "self-serving" testimony, plaintiff again raised the issue of the admissibility of the evidence with the court, pointing to the court's concern about "the lack of what you call corroborating evidence." Plaintiff argued that the witnesses who would testify were "not impeachable for any standard reason," and that their interest and the lack of corroboration would impact the evidence's "weight and not admissibility."

It is telling that, having successfully made an argument for excluding evidence of the girl's fall under OEC 403, defendant did not argue in the Court of Appeals that the trial court had a different basis for excluding the evidence, that the basis for the trial court's ruling was unclear, or that the issue of the admissibility of the evidence was unpreserved. Rather, defendant expressly agreed that the preservation requirement was met and argued the merits of the trial court's OEC 403 analysis.[1]

Thus, on the issue of preservation, we disagree with the Court of Appeals. We presume that the trial court excluded the evidence of a girl's fall based on the argument that defendant made—that the court should exclude the evidence under OEC 403 because the risk of unfair prejudice substantially outweighed the probative value of that evidence. Plaintiff responded to that argument and to the

---

[1] Defendant may have done so because there could be no basis for the trial court's ruling other than OEC 403. As noted, that rule permits a court to consider the reliability of evidence in determining its probative value. *See Lawson/James*, 352 Or at 757 (so explaining in context of eyewitness testimony). The only other rule that defendant cites as a potential basis for the trial court's ruling is OEC 602. That rule provides that "a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." However, the fact that a witness has an interest in the outcome of a case does not mean that the witness does not have the requisite personal knowledge. *See id.* at 753 ("[OEC 602] expressly permits evidence of personal knowledge to consist of the witness's own testimony."). In this case, defendant correctly did not cite OEC 602 in support of its motion *in limine* or in its trial court argument.

trial court's statements, and defendant was not "ambushed or misled or denied an opportunity" to meet that response. *State v. Hitz*, 307 Or 183, 189, 766 P2d 373 (1988). On the issue of whether the trial court was correct in excluding the challenged evidence, we remand this case to the Court of Appeals to allow it to consider that issue on the merits.

The decision of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for further proceedings.