On appellant's petition for reconsideration filed January 6, 2016, reconsideration allowed, former opinion (283 Or App 77, 388 P3d 396) modified and adhered to as modified March 1; petition for review denied August 3, 2017 (361 Or 800)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PEDRO CARDENAS VALDEZ,
aka Pedro Cardenasvaldez,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1300156; A156707

391 P3d 1002

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Office of Public Defense Services, for appellant's petition.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

**TOOKEY, J.**

Defendant petitions for reconsideration of our opinion, *State v. Valdez*, 283 Or App 77, 388 P3d 396 (2016), contending that the opinion contains a factual error. We allow reconsideration, modify our opinion as set out below, and adhere to that opinion as modified.

Defendant appealed a judgment of conviction for, among other crimes, two counts of first-degree rape. ORS 163.375. In his third assignment of error, defendant contended that the trial court erred in denying his motion for judgment of acquittal on the second charge of first-degree rape, because there was insufficient evidence to support a finding that defendant raped the victim twice. We determined that the trial court did not err in denying defendant's motion because, in part, the victim testified that penile penetration occurred "at least twice." 283 Or App at 83.

We quote from our former opinion's description of the evidence as it bears on defendant's third assignment of error:

"[T]he prosecutor used a paper cup to analogize a vagina and asked the victim to distinguish between 'touching on top' and 'insertion.' The victim testified that both—touching and insertion—happened 'at least twice.'"

283 Or App at 80. We cited that evidence in support of our conclusion that there was sufficient evidence for a rational trier of fact to conclude that defendant committed two counts of first-degree rape. *Id.* at 83-84.

However, defendant points out that the prosecutor's paper cup analogy and the victim's response to his questions related to defendant's use of his hands, not his penis. For that reason, defendant asserts that that evidence does not support his second conviction for first-degree rape.

Defendant is correct that we incorrectly understood that the paper cup testimony related to penile penetration. But, despite our misunderstanding, we conclude that the evidence, viewed in the light most favorable to the state, is nonetheless sufficient to support defendant's convictions. As we described in our original opinion, although the victim

testified at trial that she was "certain [of penile penetration] only once," other evidence supports the finding that the victim consistently reported that defendant had attempted to put his penis inside her vagina at least twice but that, as to one of those occasions, she was not sure whether defendant's penis was "all the way in," because it did not hurt. 283 Or App at 84. A rational trier of fact could find that the victim's testimony was the product of a misunderstanding that defendant's penis needed to be "all the way in" to constitute first-degree rape. *See* ORS 163.305(7) (defining sexual intercourse as "any penetration, however slight"). There was also evidence in the record—not referred to in our original opinion—that the victim told the Children's Center nurse that, after the first encounter with defendant, she felt an itching and stinging sensation, and that after the second encounter, her vagina hurt; the nurse testified that those symptoms were consistent with penile penetration. We conclude that there was legally sufficient evidence to permit a trier of fact to find, beyond a reasonable doubt, that defendant committed two counts of first-degree rape; therefore, we adhere to our conclusion that the trial court did not err in denying defendant's motion for judgment of acquittal.

Reconsideration allowed; former opinion modified and adhered to as modified.