No. 17 May 16, 2024 319

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Petitioner on Review,*

*v.*

JEFFERY JERALD SKOTLAND,
*Respondent on Review.*

(CC 19CR77935) (CA A176291) (SC S070410)

En Banc

On review from the Court of Appeals.*

Argued and submitted March 7, 2024, at the University of Oregon School of Law, Eugene, Oregon.

Jordan R. Silk, Assistant Attorney General, Salem, argued the cause and filed the briefs for petitioner on review. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Stacy M. Du Clos, Deputy Public Defender, Oregon Public Defense Commission, Salem, argued the cause and filed the brief for respondent on review. Also on the brief was Ernest G. Lannet, Chief Deputy Defender, Criminal Appellate Section.

JAMES, J.

The decision of the Court of Appeals is vacated, and the case is remanded to the Court of Appeals for further proceedings.

_____
* Appeal from Washington County Circuit Court, Erik Buchér, Judge. 326 Or App 469, 533 P3d 55 (2023).

**JAMES, J.**

In this criminal case, we consider the efficacy of "preemptive objections"—that is, objections made to an anticipated future action by opposing counsel—to preserve an issue for appeal. Defendant raised a preemptive objection prior to closing arguments, contending that the state should not be permitted to make "burden-shifting" arguments or mention related topics; he relatedly informed the trial court of relevant caselaw. The trial court engaged in a lengthy colloquy on defendant's objection and largely agreed with the legal principles that he had articulated. The trial court then instructed both counsel on guidelines for closing argument; defendant neither objected to those guidelines nor indicated that he thought that the trial court had erred in its understanding of the law. The state delivered its closing argument without objection from defendant.

On appeal, defendant assigned error to a purportedly impermissible burden-shifting argument the prosecution made in closing. Defendant's appellate arguments, on the one hand, argued that the trial court had erred in limiting the prosecutor's closing in advance, and on the other hand, that the prosecutor's closing was prohibited under the law presented to the trial court in the preemptive objection, and possibly under the trial court's ruling on the preemptive objection. A divided Court of Appeals treated defendant's assignment as preserved, relying on defense counsel's preemptive objection made before closing arguments, and reversed. *State v. Skotland*, 326 Or App 469, 470, 474-77, 533 P3d 55 (2023). As we will explain, focusing on the practical purposes of preservation, we conclude that defendant's assignment of error was not preserved. We therefore vacate the decision of the Court of Appeals and remand for that court to consider in the first instance whether the purported error that defendant identifies qualifies as plain error, and if not, to address defendant's other assignment of error.

## BACKGROUND

Defendant was charged with unlawful purchase of a firearm, false information in connection with the transfer of a firearm, and attempted felon in possession of a

firearm. Defendant had attempted to buy a firearm; on the form required for purchase, he checked "no" to the question whether he had been convicted of a felony, but he had in fact been previously convicted of two felonies in the State of Washington.

At trial, defendant testified that he had "assumed or was hoping" that his prior felony convictions had been expunged, as he had consulted an attorney and filled out paperwork to that end. On cross-examination, defendant declined to identify the attorney, stated that he did not have the paperwork with him, and asserted that his papers at home had all been destroyed in a fire.

Prior to closing arguments, defendant made a pre-emptive objection to the state's closing argument. As that objection was the sole basis for defendant's later asser-tion that he had preserved the alleged error, we quote the exchange at length.

Defendant first offered his objection to any "burden shifting" argument that the state might make in closing argument, and the trial court agreed that defendant was correct:

"[DEFENSE COUNSEL]:   So I do want to just make a preemptive kind of objection just to make sure we're not getting into an issue that comes up during closing.

"Not that I'm assuming the state's going to do any-thing, but I see the potential that the state could be saying that[,] if the defense is going to rely [on the fact] that my client spoke to an attorney, we should be bringing in that attorney. We should bring in whatever documents for the expungement.

"* * * It's the state's burden. I don't have to present anything, and they can't stand up and say I should have brought stuff in[.]"

The trial court agreed with defense counsel:

"THE COURT:   Oh, yeah. They can't burden shift. So I guess it would be how they make the argument, as long as it's not burden-shifting, for example, like when someone doesn't testify. 'He could have gotten on the stand and said' you know, it's like, no. No. We don't have to do anything."

The court then added a qualification, and defendant expressly agreed that the qualification accurately stated the law:

"[THE COURT:]   But he [the prosecutor] can comment on things your client did state, though.

"[DEFENSE COUNSEL]:   *Correct.*

"THE COURT:   [Defendant] did talk about—

"[DEFENSE COUNSEL]:   *Right.*

"THE COURT:   —because that's not burden-shifting because it's just talking about the facts in evidence."

(Emphases added.)

The trial court then gave defendant an opportunity to provide an example of an argument that he would find objectionable:

"[THE COURT:]   Do you have more of a specific example of what that you would find objectionable of what—where [the prosecutor] might go to?

"[DEFENSE COUNSEL]:   That—

"THE COURT:   Because you can't unring the bell."

Defendant did not offer any additional examples; instead, he simply restated his position:

"[DEFENSE COUNSEL]:   So the idea that we should have brought in the attorney to testify as to what occurred, we should have brought it may be the expungement paperwork as evidence.

"THE COURT:   Oh, right. Right. And he can't do that.

"[DEFENSE COUNSEL]   He can't do that."

The court then reiterated the prior distinction between burden-shifting and commenting on the evidence. If defendant thought at that point that the court had misunderstood his position, he did not say so:

"THE COURT:   But [the prosecutor] could say things like, 'Hey, the defendant was testifying, and he didn't say the attorney's name, and he didn't have to, but he could

have if he wanted to, you know, because he was asked about that.'

"I told [defendant during trial that] you could—you can say the [attorney's] name if you want to. I'm not requiring it because I can't, but you can if you want to. And he decided not to."

The remainder of the trial court's comments were directed to the prosecutor, summarizing what was and was not permitted:

"[THE COURT]:   You can't say that [defendant] should have brought in the attorney. He should have brought in expungement paperwork or whatever. Yeah. You can just talk about how—what happened on the stand—and he talked about. You said, did you have the stuff with him now—with you now, and he said no. Right?

"[PROSECUTOR]:   Right, Judge.

"THE COURT:   As opposed to—so it's a real fine line there. Do you understand?

"[PROSECUTOR]:   Yes, Judge. And I intended to say that we don't have that before us.

"THE COURT:   Right, we don't. Exactly. And you can talk about that.

"[PROSECUTOR]:   But I'm not saying—I was not going to say that they should have or that they could have.

"THE COURT:   Oh, yeah. Yeah. Yeah. Exactly. Like, 'This guy, he could have brought this stuff in with him.' We're just like, 'No, no, no. He's not required to,' but, yeah.

"But you can talk about what he testified to and exactly—you know where that fine line is, but as long as it's not burden-shifting, you'll be totally fine.

"Anything else for the defense?

"[DEFENSE COUNSEL]:   No."

During closing argument, the prosecutor referred to defendant's testimony about the expungement. Defense counsel did not object to those statements by counsel, although he did respond to it in his own closing. The jury convicted defendant on all three counts.

Defendant appealed. As relevant here, he contended on appeal that the trial court had erred in allowing the prosecutor to make comments in closing, discussing defendant's testimony, that defendant characterized as impermissible "burden-shifting."[1] Specifically, defendant highlighted the following statements:

> "He claimed that he filled out a bunch of paperwork in the [S]tate of Washington. We don't have that paperwork here today. He claims that the paperwork was lost in a fire, or his dog ate it, or we don't know. But perhaps it doesn't exist.

> "He also claims that an attorney, who he refused to name, told him that he could mark 'no' on the ATF form. And that's what he told officers when he was confronted.

> "But, today, he said that attorney who he refuses to name told him that he needed to wait. So which is it? Was he told to wait, or *** was he told he was good to go ahead and write 'no'?

> "We don't know who that attorney is or if that attorney exists because he refuses to tell us."

The state responded (among other things) that defendant had not preserved the error.

A majority of the Court of Appeals reversed defendant's conviction. The majority concluded that defendant's preemptive objection had been sufficient to preserve the issue identified on appeal and that defendant did not need to renew the objection when the prosecutor's closing argument allegedly exceeded the scope of his proposed rule of law. *Skotland*, 326 Or App at 476-77. The majority then held that the prosecutor's closing had in fact impermissibly shifted the burden of proof in a way that invited the jury to convict defendant for his failure to present evidence. *Id*. at 481.

Judge Kamins dissented, disagreeing with the majority's analysis both as to preservation, and on the merits. *Id*. at 483 (Kamins, J., dissenting).

The state petitioned this court for review, which we allowed.

---

[1] Defendant made an additional assignment of error that the Court of Appeals did not reach. *Skotland*, 326 Or App at 470 n 1.

ANALYSIS

The parties did not raise preservation of error in their briefs to this court, instead focusing on the underlying merits of the Court of Appeals' conclusion that the prosecutor's closing argument had improperly shifted the burden of proof to defendant.[2] However, preservation is not an issue that the parties must raise for this court to consider it; an appellate court has an independent obligation to determine whether a claimed error was preserved. As we have explained in a number of cases,

> "neither the state's failure to raise preservation as an issue in the Court of Appeals, nor the state's erroneous concession that the sanction issue had been preserved at trial, conferred authority on that court to consider defendant's unpreserved claim of error."

*State v. Wyatt*, 331 Or 335, 346, 15 P3d 22 (2000); *see also Lawrence v. Oregon State Fair Council*, 370 Or 764, 770-72, 525 P3d 464 (2023) (noting that, "[a]lthough defendant did not question preservation in the Court of Appeals, it does so here," and proceeding to determine that the issue had been preserved); *State v. Gerhardt*, 360 Or 629, 634, 385 P3d 1049 (2016) (citing *Wyatt* for the proposition that "appellate courts always have [an] obligation to address preservation").

At its heart, preservation is a doctrine rooted in practicality, not technicality. Preservation serves a number of policy purposes, but chief among them is fairness and efficiency—affording both opposing parties and trial courts a meaningful opportunity to engage an argument on its merits and avoid error at the outset. As we have previously stated:

> "Preservation gives a trial court the chance to consider and rule on a contention, thereby possibly avoiding an error altogether or correcting one already made, which in turn may obviate the need for an appeal."

*Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008); *see also Thompson v. Fhuere*, 372 Or 81, 102-03, 545 P3d 1233 (2024) (to same effect).

---

[2] The Court of Appeals' disposition meant that neither party had an incentive to raise preservation in this court. The state sought to have the Court of Appeals' opinion reversed on the merits, while defendant would have injured his own cause by arguing preservation.

To accomplish that goal, preservation requires a party to explain its objection clearly enough for the opposing party, and the trial court, to understand the issue and either avoid an error, or correct an error if one has occurred. *See Wyatt*, 331 Or at 343 (explanation must be "specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted"). Ideally, this is accomplished through articulating an issue, stating a source of law, and advancing an argument. *See State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) ("We have previously drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*. *** The first ordinarily is essential, the second less so, the third least." (Emphasis in original.)). But preservation is an inherently contextual inquiry, and it "is not something that can be explained by a neat verbal formula." *State v. Walker*, 350 Or 540, 548, 258 P3d 1228 (2011). In some cases, a "short-hand reference" may be sufficient to preserve an issue, when "such short-hand references [are] used in a way and context that the other parties and the court would understand from that single reference the essential contours of the full argument." *State v. K. J. B.*, 362 Or 777, 790, 416 P3d 291 (2018) (internal quotation marks and citations omitted). In other instances, preservation may require a deeper explanation of the law with supporting argument.

Preemptive objections can be a useful mechanism to obtain rulings on the legality of anticipated evidence, argument, or other trial events for which an after-the-fact objection may prove ineffective at curing prejudice. In that way, a preemptive objection operates akin to a motion *in limine*, which we have indicated can, in some circumstances, be wise trial practice:

> "The reasons for seeking pre-trial rulings are, among others, to obtain guidance on how to conduct voir dire and opening statements and, more importantly, to prevent the jury from hearing a trial scenario [that would lead to the admission of unduly prejudicial evidence] ***. If counsel must wait to make an objection and receive a ruling in front of the jury, the client could be prejudiced even though

> the ruling was in the client's favor. With famous legal rhetoric, Justice Cardozo addressed this problem in *Shepard v. United States*, 290 US 96, 104, 54 S Ct 22, 78 L Ed 196 (1933), when he referred to the procedure of a judge telling a jury it may accept part of a statement but must reject other portions of it: 'The reverberating clang of those accusatory words would drown all weaker sounds. It is for ordinary minds, not for psychoanalysts, that our rules of evidence are framed.'"

*State v. Foster*, 296 Or 174, 183, 674 P2d 587 (1983).

It also is possible that preemptive objections can, in the appropriate circumstance, preserve an issue for appeal. In *State v. Olmstead*, 310 Or 455, 461, 800 P2d 277 (1990), we said that, "[w]hen the trial court excludes an entire class of evidence by declaring, in advance, that it is inadmissible as a matter of law, the ruling renders a further offer futile." Reasoning from *Olmstead*, consider the example of a party raising a preemptive objection about an anticipated line of closing argument, but the trial court *denies* that objection and suggests that such an argument would be permitted, because it disagrees with the moving party about the applicable legal requirements. If the disputed line of argument then actually occurs in closing argument, it could be appropriate for an appellate court to disregard the lack of any contemporaneous objection, given the nature of the trial court's response to the preemptive objection. In that instance, we do not foreclose the possibility that an appellate court, weighing the practical nature of preservation, might conclude that a contemporaneous objection would have been unnecessary to preserve the issue.

However, as we explain, the preemptive objection in this case did not serve the practical interests of preservation with respect to the arguments raised on appeal. When defendant first made his preemptive objection, the trial court thought that it was ruling in defendant's favor. The court added that it understood the relevant legal principle relating to impermissible burden-shifting but would allow the prosecutor to make at least *some* form of comment on defendant's testimony. Defendant did not dispute that qualification. In fact, he expressly agreed that the qualification was correct.

The trial court then invited defendant to give a specific example of a potential problematic argument. Defendant did not do so.

After that, the trial court gave the prosecutor detailed directions about what arguments could and could not be made. Defendant, again, did not tell the court that he disagreed. To the extent defendant's arguments on appeal can be construed to argue that the trial court erred in limiting the scope of closing argument, an objection would have needed to occur at this point to render that argument preserved. But no such objection was made.

Finally, when the prosecutor actually addressed defendant's testimony during the closing argument, defendant again did not object. At that time, the question was no longer abstract; the prosecutor's actual statements were now available, and defendant—as shown by his appeal— thought that they were objectionable. To the extent defendant's arguments on appeal can be construed to claim that the prosecutor had exceeded the scope of the trial court's earlier ruling, defendant could have, and should have, raised that issue and alerted the trial court. He did not.

Sometimes, the winds of preservation can be gauged by looking to the weathervane of trial court surprise: Would the trial court be taken aback to find itself reversed *on this issue, for this reason*? Here, the answer is yes.

That result can be seen from defendant's intermediate appeal to the Court of Appeals. As explained earlier, that court reasoned that defendant's preliminary objection "regarding burden shifting" had preserved an aspect of his later appellate argument that the trial court's "ruling at the outset" (in response to defendant's preemptive objection) had not been "properly tailor[ed]." *Skotland*, 326 Or App at 475. Yet the record shows that the trial court thought that it had ruled in defendant's favor—that is, that it had "tailored" the prosecutor's upcoming closing argument in accord with defendant's request. From the trial court's perspective, once the prosecutor's closing argument then proceeded without objection from defendant, the Court of Appeals' subsequent reversal would have come out of the blue; objectively, the

trial court had been given no reason to think that its ruling had been controversial, contested, or exceeded.

In the absence of any objection from defendant to the trial court's ruling on his pre-closing argument preemptive objection, or any subsequent objection by defendant to the actual statements made in the prosecutor's closing argument that those statements either exceeded the scope of the ruling, or exposed a flaw in that ruling, we cannot conclude that the issue here is preserved. Accordingly, the Court of Appeals should not have reached the merits of the burden-shifting issue that defendant raised on appeal. We therefore vacate the decision of the Court of Appeals.

That conclusion does not fully resolve this case, however. Defendant had alternatively argued on appeal that, even if unpreserved, the "burden-shifting" issue qualified for plain error review under ORAP 5.45(1). *See, e.g.*, *State v. Vanornum*, 354 Or 614, 629-31, 317 P3d 889 (2013) (discussing requirements for plain error review). If the Court of Appeals were to conclude that defendant was correct about plain error review—a matter as to which we offer no opinion—then that court might reaffirm its decision on the merits. Beyond that, even if the Court of Appeals cannot reach the "burden shifting" assignments of error as plain error, the court would need to address defendant's remaining assignment of error. We therefore remand to permit the Court of Appeals to address those issues in the first instance.

The decision of the Court of Appeals is vacated, and the case is remanded to the Court of Appeals for further proceedings.