No. 690          October 2, 2024          273

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of B. J. R.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

B. J. R.,
*Respondent,*
*v.*

J. M. R.,
*Appellant.*

Lane County Circuit Court
21JU05936; A183682

Valeri L. Love, Judge.

Argued and submitted July 31, 2024.

Gabe Newland, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Kyleigh Gray, Assistant Attorney General, argued the cause for respondent Department of Human Services. On the brief were Ellen F. Rosenblum, Attorney General; Benjamin Gutman, Solicitor General; and Inge D. Wells, Assistant Attorney General.

Erica Hayne Friedman argued the cause for respondent child. Also on the brief was Youth, Rights & Justice.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

### ORTEGA, P. J.

Mother appeals the denial of her motion to dismiss juvenile court jurisdiction over her five-year-old daughter, B, which was based on the allegation that "if left untreated, * * * mother's mental health interferes with her ability to safely parent." The parties do not dispute that, at the time mother filed her motion, mother had engaged in some mental health treatment. Her argument before the juvenile court was that her efforts in treatment had eliminated any further danger to child. The juvenile court disagreed, based on detailed findings acknowledging mother's progress but explaining why that progress was as yet insufficient to eliminate risk to the child from mother's mental illness. As we will explain, we reject mother's arguments on appeal as unpreserved and affirm the juvenile court's denial of mother's motion to dismiss jurisdiction.

In challenging the denial of her motion to dismiss, mother presents arguments that she did not preserve below. First, she argues that, without any evidence that her mental health problems remained "untreated," the department failed to meet its burden of proof to support the asserted basis for jurisdiction, and the court should have granted the motion to dismiss. Second, she argues that the juvenile court plainly erred by admitting expert testimony and evaluations from two witnesses without requiring the department to establish a sufficient basis for qualifying those witnesses as experts. As to the second issue, we are not persuaded that the foundation laid for admission of the evidence from the challenged witnesses was plainly insufficient and also note that we would not exercise discretion to correct any error on this record given that the department easily could have supplemented that record had mother raised the objections that she now raises on appeal.

As to the denial of mother's motion to dismiss, we conclude that mother's argument on appeal meaningfully differs from the argument she made below and therefore was not preserved. Mother generally preserved an argument that she had ameliorated the bases for jurisdiction and that the case should be dismissed because "there is no longer a serious threat of loss or injury to the child" and

"no current safety threat." The substance of the argument before the juvenile court related to the extent of mother's participation in treatment and whether there was any reason to believe that she continued to pose a threat to child's safety. The parties focused their argument on the success of mother's treatment efforts, and the juvenile court declined to dismiss jurisdiction after engaging those arguments.

On appeal, however, mother focuses on the word "untreated" in the asserted allegation and contends that, because she had successfully engaged in treatment, her mental health problems were no longer "untreated," with the consequence that there was no longer a basis for juvenile court jurisdiction. The stated allegation may well deserve attention as to whether it adequately states a basis for jurisdiction in this or any case beyond the simple binary of engaging or not engaging in treatment without regard to the effectiveness of that treatment—but that is not the argument that mother asserted in the juvenile court; the parties instead focused on whether mother's participation in treatment had eliminated safety risks to child. Preservation principles require "a party to explain its objection clearly enough for the opposing party, and the trial court, to understand the issue and either avoid an error, or correct an error if one has occurred." *State v. Skotland*, 372 Or 319, 327, 549 P3d 534 (2024). Because the juvenile court in this case would be "taken aback to find itself reversed" on the basis mother now raises, *see id.* at 329, the argument is not preserved, and we decline to consider it.

We note that, had mother raised below the argument she now raises, the juvenile court and the parties might well have recognized a need to adjust the language of the jurisdictional allegation to more accurately express the concern, addressed by all the parties, as to whether mother's mental illness continued to present a risk of harm to child. As it stands, all parties proceeded as though the pleadings had been amended by consent.

On this record, mother is raising a new argument that she did not ask the juvenile court to address in the first instance. We decline to do so, and otherwise find no error in the juvenile court's denial of mother's motion to dismiss jurisdiction.

Affirmed.