298 December 31, 2025 No. 1152

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CORNEL GIURCULETE GIURCULETE,
*Defendant-Appellant.*

Washington County Circuit Court
19CR67928; A179353

Brandon M. Thompson, Judge.

Argued and submitted June 12, 2024.

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of conviction for two counts of first-degree sodomy against a person under 12 years old, ORS 163.405, two counts of first-degree sexual abuse, ORS 163.427, and one count of administration of marijuana to a person under 18 years of age, *former* ORS 475B.371 (2017), *renumbered as* ORS 475C.369 (2021).[1] In five assignments of error, he seeks reversal of his convictions because, in his view, the trial court erred by (1) denying his request for a mistrial during *voir dire*; (2) denying a motion for a mistrial after a psychologist testified about the victim's opinion of defendant's credibility; (3) failing to strike testimony; (4) permitting improper closing arguments; and (5) denying a motion for a mistrial based on two of the prosecutor's improper arguments. For the reasons described below, we affirm.

Because defendant's assignments of error implicate different standards of review and questions of law, we address them separately and provide the pertinent facts as we address the various arguments for this nonprecedential memorandum opinion.

*Motion for a mistrial during* voir dire. During *voir dire*, the prosecutor posed a "thought experiment" and asked the venire "what would be the ideal situation for a child to talk about [sexual abuse]?" Several potential jurors responded that a child should be interviewed in a comfortable environment. One juror asked whether videotaping would be allowed as evidence. The prosecutor asked why the juror was thinking that, and several members of the venire responded, noting that a child would not have to come to court, that a child "wouldn't have to go through it over, and over, and over," that the jurors "could just view the tape," and that a child had "already been through enough." Defendant objected.

The court and counsel conferred in-chambers, and *voir dire* resumed. At the end of the day, defendant moved for

---

[1] ORS 163.405 has been amended since the underlying conduct in this case. Or Laws 2017, ch 318, § 5; Or Laws 2021, ch 82, § 5. ORS 163.427 has also been amended since the underlying conduct in this case. Or Laws 2021, ch 82, § 7. Because those amendments do not affect our analysis, we refer to the current versions of the statutes in this opinion.

a mistrial outside the presence of the jury. The trial court explained on the record,

> "So, we went off the record twice into chambers. The first had to do with witness expectations *** I think it is proper for them to under—for the State to be able to extract what is their expectations in this kind of situation. The second one has to do with *** conditioning. [Defendant] is asking for a mistrial. The issue that came is [a] Juror *** asked about whether there'd be a video of the child interview."

The court noted that it did not observe anything to be conditioning, but that it would recess for the day and reserve its ruling until the next morning.

The next day, the state argued that nothing about the exchange was objectionable or problematic, and that it did not understand defendant's argument. In response, defendant explained that

> "it shows that the jury, or at least the juror has already formed a specific opinion about not only what the evidence should be, but how it is to be presented and what its expectation is. *** [W]e haven't gotten to the evidence, so, because of that, I think it shows that it's not an impartial jury at this point and that is the reason why I think a mistrial is appropriate."

Ultimately, the trial court denied defendant's motion for a mistrial.

On appeal, defendant argues that the trial court erred by denying the mistrial motion because the prospective juror's statement that the child had already "been through enough" during *voir dire* indicated jury bias by (1) demonstrating that at least one and possibly two members of the venire—both of whom were eventually seated on the jury that decided defendant's case—had likely already made up their minds concerning the veracity of the child's disclosures and thus defendant's guilt; and (2) tainting the venire by suggesting to other members that forming opinions concerning the merits of the case before hearing any of the evidence was appropriate. Defendant asserts that the jury's bias deprived him of his right to a fair trial by an impartial jury. The state contends that defendant did not preserve the argument that he pursues on appeal, and, in

the alternative, that the jurors' comments did not require a mistrial. Defendant does not request plain-error review.

Generally, an issue not preserved in the trial court will not be considered on appeal. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991); *State v. Abel*, 241 Or 465, 467, 406 P2d 902 (1965); ORAP 5.45(1). Preservation is a doctrine rooted in practicality, not technicality. *State v. Skotland*, 372 Or 319, 326, 549 P3d 534 (2024). Requiring an argument to be preserved advances fairness and efficiency by affording the opposing parties and the trial court a meaningful opportunity to engage with the merits of an argument and potentially avoid error altogether. *Id.*

Here, the argument that defendant made to the trial court focused on the jurors' expectation of evidence. Nothing in defendant's objection or further argument alerted the trial court or the state to the argument advanced on appeal, which is that the jurors made up their mind about the child's veracity and the merits of the case. Because there was not a meaningful opportunity to engage on the merits of that argument, it is not preserved for appeal. Further, because defendant does not request plain-error review, we decline to reach the merits.

*Motion for a mistrial during the psychologist's testimony.* Defendant argues that the trial court erred when it denied defendant's mistrial motion after the child's opinion of defendant's credibility was admitted through the testimony of psychologist Dr. Linda Nishi-Strattner. "Whether a witness's statement constitutes impermissible vouching is a legal question." *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019).

At trial, Nishi-Strattner testified about statements that A made during various therapy sessions. At one point, Nishi-Strattner testified that, as part of a therapeutic exercise, A wrote a letter to defendant and included that she knew defendant was strong enough to "do the right thing." Nishi-Strattner testified that A explained that "by 'right thing,' it meant that [defendant] would tell the truth and go to jail, and not lie about what he did." Defendant moved for a mistrial, arguing that A's statement communicated

her opinion on defendant's credibility, which the trial court denied.

On appeal, defendant argues that A's statement communicated her opinion that, if defendant did not admit the abuse and submit to punishment, then he would be lying, which allowed for an inference that defendant is untruthful because he exercised his right to a jury trial. Thus, defendant argues that the trial court erred by allowing A's statement, which he contends was impermissible vouching.

Vouching refers to the expression of one's personal opinion about the credibility of a witness. *Id.* The vouching rule "prohibits a witness from making a direct comment, or one that is tantamount to a direct comment, on another witness's credibility." *State v. Black*, 364 Or 579, 585, 437 P3d 1121 (2019). Nothing, however, prohibits a witness from "vouching" for her own credibility. *See, e.g.*, *State v. Valdez*, 283 Or App 77, 86, 388 P3d 396 (2016), *adh'd to as modified on recons*, 284 Or App 153, 391 P3d 1002, *rev den*, 361 Or 800 (2017) (explaining that "vouching is improper when one witness testifies as to the credibility of another witness" but not when a victim proclaims his, her, or their "own truthfulness").

Here, the statement does not cross the line into vouching. As the trial court correctly noted, the statement reflects A's factual belief of what defendant should do as a result of A's statements about what happened. Nishi-Strattner was simply relaying A's statement. The case was premised on A's allegations against defendant. Any inference that defendant is untruthful because he exercised his right to a jury trial despite being accused by another is not an impermissible comment on defendant's credibility. Because the statement was not improper vouching, the trial court did not err by denying the mistrial.

*Failure to strike testimony*. In his third assignment of error, defendant argues that the trial court erred when it failed to strike Nishi-Strattner's testimony that A did not exhibit the signs that she would expect to see in a child who had been coached to make a false report. Defendant

acknowledges that this argument is not preserved, but he requests plain-error review.

During direct examination, Nishi-Strattner testified generally about the phenomenon of coaching in child sexual abuse cases. She explained that sometimes parents tell their children to make false reports and listed some of the methods that psychologists can use to evaluate whether a child has been coached. On crossexamination, defendant asked whether Nishi-Strattner had "indicated that you had [A's] mother leave the room, because you felt that [A] was being pushed by her mother." Nishi-Strattner replied, "I don't believe so." Defendant continued, "So you never felt that A had been pushed or influenced by her mother?" Nishi-Strattner answered, "I do not." On redirect, the prosecutor asked, "Did [A] exhibit any of that body language that you would see consistent with having been coached?" Nishi-Strattner answered, "No."

On appeal, defendant argues that Nishi-Strattner's testimony during redirect was improper vouching because it expressed a belief that A's statements and testimony concerning defendant's conduct were true. The state responds that this was not vouching, and, in the alternative, we should not conclude that there was plain error because the testimony was harmless given the testimony on cross-examination. We conclude that, because the statement is not vouching, defendant's argument fails to meet the requirements for plain-error review.

To review for plain error, several requirements must be met: The error must (1) be an error of law; (2) be apparent, meaning that the legal point is obvious and not reasonably in dispute; and (3) appear on the record such that the reviewing court must not go outside the record to identify the error or choose between competing inferences because the facts constituting the error are irrefutable. *Ailes*, 312 Or at 381-82. Even where those conditions are satisfied, we must determine whether to exercise our discretion to reach the error and correct it. *Id.* at 382. Among the considerations relevant to that determination are "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the

error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." *Id.* at 382 n 6.

As noted above, vouching refers to the expression of one's personal opinion about the credibility of another. *Sperou*, 365 Or at 128. Here, the testimony was not impermissible vouching, given that it did not specifically include Nishi-Strattner's opinion about A's credibility. Rather, the testimony simply recounted that she did not observe body language that indicated A was being pushed or coached. One can infer from that testimony that Nishi-Strattner believed A. Strictly speaking, however, her observation did not directly comment on A's credibility or directly indicate that Nishi-Strattner believed her.[2] Accordingly, defendant's claim does not meet the requirements for plain-error review, and, even if it did, we would decline to exercise our discretion to review it.

*Improper closing arguments*. In assignments of error four and five, defendant asserts that the trial court erred by (1) permitting the prosecutor to make improper closing arguments and (2) denying defendant's motion for a mistrial based on two of those arguments. Defendant challenges seven statements during closing arguments, which he asserts improperly appealed to the jurors' emotions, vouched for the credibility of the complainant, denigrated the law, distorted the burden of proof, and encroached on the jury's core factfinding function. Defendant objected to two of the statements and moved for a mistrial based on each of those statements. He further acknowledges that he did not object to the other improper arguments at trial, but he requests plain-error review on appeal.

We first consider the preserved objections on appeal. Before closing arguments, the trial court instructed the jury

_____

[2] Moreover, any error was harmless because Nishi-Strattner already answered that she did not think A was being pushed or influenced by her mother during cross-examination, the statement was brief, and a curative instruction would have sufficed had defendant objected to the testimony. *See State v. Fulmer*, 229 Or App 386, 395, 211 P3d 942 (2009), *rev den*, 348 Or 13 (2010) ("[I]f a trial court does erroneously allow a witness to comment on the credibility of another witness, reversal is not required if the trial court directs the jury to disregard the inappropriate testimony.").

that the jury alone had the authority to determine the facts in this case, the trial court alone had authority to instruct the jury about the law, and the jury's duty was to apply the court's legal instructions to the facts that the jury found. During the state's closing arguments, defendant objected to the prosecutor's comments that (1) A's consistency showed that she was not lying and (2) that A's mother "would have to be psychotic" to encourage A to tell lies about sexual abuse, asserting that those statements vouched for A's and A's mother's credibility. The court sustained the objection regarding A's mother and struck the comment, but in each case, the court denied the mistrial motions, noting that it had instructed the jury to disregard the comment concerning the mother.

Although a prosecutor has wide latitude to make arguments from the evidence, *Sperou*, 365 Or at 130, a prosecutor may not improperly infringe on a defendant's constitutional right to a fair trial, which "guarantees that a defendant shall be tried by a jury that will decide guilt based on evidence—not emotion or prejudice." *State v. Durant*, 327 Or App 363, 368, 535 P3d 808 (2023), *rev den*, 374 Or 143 (2025) (internal quotation marks omitted); *see also State v. Perez*, 373 Or 591, 617-20, 568 P3d 940 (2025) (Bushong, J., concurring) (describing examples of improper prosecutorial arguments).

We review a trial court's decision to deny a mistrial due to a prosecutor's improper argument for abuse of discretion. *State v. Worth*, 231 Or App 69, 74, 218 P3d 166 (2009), *rev den*, 347 Or 718 (2010). Even if a prosecutor's argument is improper, a jury instruction is generally sufficient to cure any prejudice, and accordingly, "a trial court does not abuse its discretion by denying a mistrial unless the effect of the prosecutor's conduct was to deny a defendant a fair trial." *Id*. at 74-75 (internal quotation marks omitted); *see also State v. Chitwood*, 370 Or 305, 311-12, 518 P3d 903 (2022) ("Generally, a proper jury instruction is adequate to cure any presumed prejudice from a prosecutor's misconduct."). In conducting our review, "we view statements made by a party during argument in context, not in a vacuum." *State v. Mayo*, 303 Or App 525, 530, 465 P3d 267 (2020) (internal quotation marks omitted).

Having reviewed the record, we conclude that neither of those statements was so prejudicial that the trial court was legally required to declare a mistrial. First, the prosecutor's comment that A's consistent statements showed that she was not lying was a permissible argument regarding the persuasiveness of the evidence and did not cross the line into vouching. *See State v. Beauvais*, 357 Or 524, 547, 354 P3d 680 (2015) (noting that, "generally speaking, testimony that a witness's statements were consistent with earlier statements that the witness made does not impermissibly vouch for the witness's credibility"). Second, the statement that A's mother would have to be "psychotic" to encourage A to tell lies, although improper, was not so prejudicial that it denied defendant a fair trial.[3] Accordingly, we conclude that, after reviewing the statements in context, striking the comment and the jury instructions was sufficient to cure any prejudice.

Next, we consider the statements that defendant did not object to below on review in a plain-error posture. In the specific context of prosecutorial misconduct in closing argument, for an error to be "plain," it must be "beyond dispute that the prosecutor's comments were so prejudicial as to have denied defendant a fair trial." *Chitwood*, 370 Or at 312 (internal quotation marks omitted). As we have observed, "prosecutorial statements that were improper but curable are not an appropriate subject of plain-error review, because, in such circumstances, the defendant was not denied a fair trial." *Durant*, 327 Or App at 365 (emphasis omitted).

Defendant assigns error to five statements: (1) the case was "not about the law"; (2) the evidence showed only three possible factual scenarios; (3) if the jury found that defendant engaged in other charged conduct, the jury must also find that defendant was guilty of the charged sexual offenses; (4) people lie to get benefits but do not lie about

---

[3] After the trial court struck the comment, the prosecutor clarified that the state was arguing that the jury, "in seeing the evidence, in seeing all these witnesses, these are the conclusions that you are drawing." Thus, read in context and considering the sustained objection and the jury instructions, the comment was not so prejudicial that it denied defendant a fair trial, and the court did not err by denying either motion for a mistrial.

embarrassing things; and (5) the concurrence instruction was "gobbledy-gook."

Viewed in isolation, and without the context of defendant's closing argument, the prosecutor's statements could be improper. However, viewed in context, the comments did not suggest to the jury that it could disregard the trial court's instructions about the law or distort the burden of proof. The prosecutor's statements, in context, permissibly argue about the application of the law to the evidence and walk the jury through its legal argument. Accordingly, we conclude that the statements were not improper, let alone so egregious as to be incurable and deny defendant a fair trial.

Affirmed.