206 February 19, 2026 No. 109

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RICHARD LEWIS BOEDIGHEIMER,
*Defendant-Appellant.*

Marion County Circuit Court
24CR00152; A183698

Jennifer K. Gardiner, Judge.

Argued and submitted December 19, 2025.

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Jonathan N. Schildt, Assistant Attorney General, argued the cause for respondent. On the brief were Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Elise Josephson, Assistant Attorney General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Reversed and remanded.

Tookey, P. J., dissenting.

**KAMINS, J.**

Defendant appeals a judgment of conviction for fourth-degree assault constituting domestic violence, ORS 163.160, and coercion constituting domestic violence, ORS 163.275, stemming from an incident involving his girlfriend, N. Defendant raises two assignments of error. Because it is dispositive, we address only the first and reverse.

In his first assignment of error, defendant contends that the trial court erred in sustaining the state's objection to his question as to whether N had used methamphetamine 24 to 48 hours before the incident underlying the charged crimes. The state contends that defendant's argument on appeal is unpreserved because he did not make an offer of proof as to the content of the witness's testimony. The state does not otherwise defend the trial court's decision, instead acknowledging that had defendant properly preserved the argument, "the trial court might have been obliged to allow the question, as defendant suggests."[1]

Before the trial court, the following exchange took place

"DEFENSE COUNSEL:   [N], you recently told my investigator, *** that 24 to 48 hours prior to [the date of the crime] you had used methamphetamines; is that correct?

"PROSECUTOR:   Objection, Your Honor. That's 24 to 48 hours prior. That's not use current on that date.

"COURT:   Do you have any witness who's going to talk about how long the effects would last, given that window? It has to be such that it affects her ability to perceive or recall to be admissible.

"DEFENSE COUNSEL:   I guess it's just from my experience interacting with a lot of people who are under—

"COURT:   Well, that wouldn't count.

"PROECUTOR:   [Defense counsel] can't testify.

"COURT:   You're not a witness, so—

---

[1] Where a respondent does not address the merits of an issue, we review "to the extent necessary to carry out our obligation to review the rulings of the trial court for errors of law." *Andlovec v. Spoto*, 326 Or App 525, 534, 532 P3d 531 (2023) (internal quotation marks omitted).

"DEFENSE COUNSEL: I don't have an expert, Your Honor.

"THE COURT: Okay *** [t]hen the jury will disregard any questions surrounding drug use in the days preceding this event."

Thus, the issue presented to the trial court was whether it was relevant that N used methamphetamine close—but not that close—in time to the events leading to the criminal charges. The basis of the state's objection was that the time gap was too attenuated to have impacted her perceptions, and the trial court agreed, concluding that defendant would need to present additional evidence to establish that methamphetamine would still be impacting her perceptions. On appeal, defendant challenges that decision, arguing that he did not need to present additional evidence that the effects of methamphetamine linger in order to elicit that testimony.

Because both the parties and trial court had the opportunity to address the argument raised on appeal, it is preserved. *See State v. Quebrado*, 372 Or 301, 310, 549 P3d 524 (2024) ("At its core, preservation asks whether the parties, and the trial court, had a fair opportunity to meet the merits of the argument later advanced on appeal and thereby avoid the error at the outset or to correct the error upon its occurrence."). For that reason, the trial court would not be surprised to be reversed on that basis, the very basis of its decision. *See State v. Skotland*, 372 Or 319, 329, 549 P3d 534 (2024) (gauging preservation by looking to whether the trial court would "be taken aback to find itself reversed *on this issue, for this reason*?") (emphasis in original).

Nor was defendant required to put forth an offer of proof. There was no question as to what the evidence at issue would be. The trial court—assuming that N would answer "yes" to the question as to whether she used methamphetamine—concluded that that evidence was irrelevant. Given that the purpose of an offer of proof would be to "demonstrate the content of the evidence sought to be admitted," and the evidentiary content is not in dispute, it is unclear what more an offer of proof would have revealed. *State v. Phillips*, 314 Or 460, 465, 840 P2d 666 (1992); *see also State v. Olmstead*, 310 Or 455, 461, 800 P2d 277 (1990) (an offer of proof is

unnecessary when it would provide "no additional information that bears on the *legal* question" at issue) (emphasis in original).[2]

As the state acknowledges, N's methamphetamine use close in time to the incident could have been relevant in assessing the accuracy of her perceptions or her account to police, even if its lack of temporal proximity diminished its weight. On appeal, the state offers no reason that the evidence is not relevant, nor does the state respond to the cases cited by defendant. *See, e.g.*, *State v. Wesley*, 254 Or App 697, 714, 295 P3d 1147, *rev den*, 354 Or 62 (2013) (witness's reliability undermined by the fact that he "had used methamphetamine the night before the shooting, although no evidence was presented as to what effect that might have had on his ability to perceive"); *State v. Barnes*, 208 Or App 640, 649-50, 145 P3d 261 (2006) (expert testimony not required to establish that a person was under the influence).

We will affirm evidentiary error if there was "little likelihood that the particular error affected the verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). In this case, the strongest evidence against defendant was N's statements to the police on the day of the incident—the day she might have been under the influence of methamphetamine. On the stand, she recanted those statements and testified that she did not remember having that conversation with police and that it must have been a mistake. Given the importance of the statements N made while she might have been under the influence of methamphetamine, we cannot conclude that the error had little effect on the verdict.

Reversed and remanded.

**TOOKEY, P. J.,** dissenting.

I write separately to dissent, because I disagree with the majority's conclusion that defendant's argument as to his first assignment of error is preserved. Because I would affirm on the first assignment of error related to

___

[2] Once the trial court rejected the evidence because the methamphetamine use was not sufficiently recent, defendant suggested it might be relevant for impeachment purposes and pursued several theories to admit the evidence under that theory. Defendant does not appeal the trial court's determination that the evidence was not relevant for impeachment.

evidentiary error, I also write briefly to discuss defendant's second assignment of error related to vouching. As to the second assignment of error, I would conclude that the officer's testimony did not constitute unambiguous vouching and would affirm. Therefore, I respectfully dissent.

Defendant appeals a judgment of conviction entered after a jury trial for fourth-degree assault constituting domestic violence, ORS 163.160, and coercion constituting domestic violence, ORS 163.275. Defendant raises two assignments of error. In his first assignment of error, defendant contends that the trial court erred in sustaining the state's objection to defendant's question to the complaining witness about whether she had used methamphetamine 24 to 48 hours before the incident underlying the charged crimes, because that evidence would be relevant to the complaining witness's ability to perceive and recall the details of the incident.

In his second assignment of error, defendant contends that the trial court erred when it permitted an officer to testify that the complaining witness's accusatory statements were "self-revelations * * * that she would kind of realize to herself about what she was reporting" because that testimony constituted impermissible vouching. Defendant acknowledges that "[d]efendant did not object to [the officer's] testimony" and "respectfully asks this court to review the trial court's failure to intervene as plain error." *See* ORAP 5.45(1) (allowing "that the appellate court may, in its discretion, consider a plain error").

In reviewing defendant's first assignment of error, I would conclude that defendant did not preserve the issue. *See State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) (stating that "[g]enerally, an issue not preserved in the trial court will not be considered on appeal"). In reviewing defendant's second assignment of error, I would conclude that the officer's testimony did not constitute unambiguous vouching, and therefore the trial court did not plainly err in admitting it. *See State v. Murphy*, 319 Or App 330, 335, 510 P3d 269 (2022) ("[I]f a witness's testimony [is] ambiguous, * * * there is no plain error in not having stricken the testimony *sua sponte*[.]"). Therefore, I would affirm.

*First Assignment of Error.* In defendant's first assignment of error, he contends that the trial court erred in sustaining the state's objection to defendant's question to a witness about whether she had used methamphetamine 24 to 48 hours before the incident, because that evidence would be relevant to her ability to perceive and recall the incident. Defendant argues that the error warrants reversal because the complaining witness's statements to police were the state's key evidence, and therefore the exclusion was not harmless. The state argues that defendant failed to preserve the error by failing to preserve defendant's theory that drug use might have affected the witness's perception of the incident underlying the charged crimes.

To preserve an alleged error, a party's explanation of its position must be "specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Wyatt*, 331 Or at 343. "Ideally, this is accomplished through articulating an issue, stating a source of law, and advancing an argument." *State v. Skotland*, 372 Or 319, 327, 549 P3d 534 (2024) (citation omitted). In some cases, whether an issue is preserved can be answered by asking, "[w]ould the trial court be taken aback to find itself reversed *on this issue, for this reason*?" *Id.* at 329 (emphasis in original).

Here, defendant argued in his opening statement to the jury that they would hear testimony by the complaining witness showing that she made "inaccurate statements to law enforcement when she was being questioned" and that she "denied using any illicit drugs, then later admitted that she did use meth." Later, when defense counsel asked the witness about her inconsistent statements, the state objected, and the court sustained that objection on the grounds that the evidence was "improper character evidence" and "whether she's a drug user or not *** isn't relevant and isn't coming into evidence unless it affects her ability to perceive or recall." In response, defendant did not explain what he believed the witness would say or how that testimony would support his theory that her drug use shortly before the incident affected her perception of the

incident. *See State v. Khoshnaw*, 286 Or App 246, 250-53, 399 P3d 1083, *rev den*, 362 Or 208 (2017) (determining that the "assignment of error [was] insufficient to demonstrate that the trial court erred" because the court was "unable to identify the substance of [the] proposed testimony from [the party's] arguments or citation to the record").

Defendant argues that the state and trial court both understood that defendant sought to introduce evidence of the witness's methamphetamine use for multiple reasons, including to undermine her persuasiveness as a witness because methamphetamine use impaired her ability to perceive and recall the alleged crime. *See State v. Gerard*, 188 Or App 414, 419, 72 P3d 88 (2003) (stating that an issue is adequately preserved "if the substance of the evidence *** was apparent from the context within which questions were asked" (internal quotation marks and emphasis omitted)). Having reviewed the record, I disagree with defendant and would affirm.

The record does not include any statement from defense counsel articulating a theory that the witness's drug use affected her ability to recall the incident. The trial court sustained the state's objection because it "underst[ood] that [defendant] want[ed] to impeach [the witness] with prior inconsistent statements" about "whether she's a drug user or not," and because defendant's remaining theory that the witness was attempting to "deflect the blame from the drug use" to "paint[] [herself] more like the victim of domestic violence" in a separate child custody case was "too attenuated." Having reviewed the record, I would conclude that the trial court did not have a fair opportunity to meet the merits of defendant's argument advanced here on appeal. *See State v. Quebrado*, 372 Or 301, 310, 549 P3d 524 (2024) ("At its core, preservation asks whether the parties, and the trial court, had a fair opportunity to meet the merits of the argument later advanced on appeal and thereby avoid the error at the outset or to correct the error upon its occurrence."). Therefore, the trial court likely "[w]ould *** be taken aback to find itself reversed *on this issue, for this reason*[.]" *Skotland*, 372 Or at 329 (emphasis in original). That is, I disagree with the majority that the

trial court "would not be surprised" to be reversed on this basis. Because I would conclude that the argument was not preserved, I do not further address it.

*Second Assignment of Error.* In defendant's second assignment of error, he contends that the trial court erred when it permitted an officer to testify, in response to a question about the same witness's demeanor, that she "was upset. *** I would catch her finding kind of these self-revelations just as she would tell me her story; things that she would kind of realize to herself about what she was reporting, just realizing how she felt in hindsight." Because "[d]efendant did not object to [the officer's] testimony," he asks us to review the trial court's failure to intervene as plain error.

"'Vouching' refers to the expression of one's personal opinion about the credibility of a witness." *State v. Sperou*, 365 Or 121, 128, 442 P3d 581 (2019). "In Oregon, witnesses are categorically prohibited from giving vouching testimony." *Id.* Vouching is prohibited because it creates "a risk that jurors would rely on witnesses' opinions about the credibility of an alleged victim to avoid their independent obligation to determine whether the complainant's allegations were truthful." *State v. Corkill*, 262 Or App 543, 553, 325 P3d 796, *rev den*, 355 Or 751 (2014). "Whether a witness's statement constitutes impermissible vouching is a legal question." *Sperou*, 365 Or at 128.

> "When faced with an unpreserved claim of error regarding vouching, our first task is to assess the challenged testimony to determine whether the witness unambiguously vouched, may or may not have vouched (ambiguous), or unambiguously did not vouch. If a witness unambiguously vouched, it is plain error not to have stricken the testimony, even absent an objection."

*Murphy*, 319 Or App at 335.

Here, defendant contends that the officer "did not merely describe [the witness's] demeanor in a way that would allow a jury to make their own credibility determination," and instead "opin[ed] about the content of [her] statements." *See State v. Pergande*, 270 Or App 280, 284, 348 P3d 245 (2015) (holding that the trial court plainly

erred in permitting testimony when the testifying witness "simply, directly, and explicitly testified" about the credibility of a complainant rather than testifying about the complainant's "demeanor in such a way that would have allowed the jury to draw the ultimate credibility determination for themselves"). The state argues that the trial court was not required to exclude the officer's testimony because the officer was not engaged in unambiguous "true vouching" but rather was "describing the [complainant] processing emotions and coming to terms with the severity of the conduct she was reporting rather than opining that he believed the [complainant's] testimony was true." *State v. Lopez-Morales*, 332 Or App 686, 692, 551 P3d 1006 (2024) (stating that "true vouching" occurs when "the testimony creates a risk that jurors would rely on witnesses' opinions about the credibility of an alleged victim to avoid their independent obligation to determine whether the complainant's allegations were truthful") (internal quotation marks omitted).

Having reviewed the record, I do not think that defendant has established that the trial court plainly erred. It is not obvious that the officer's testimony "create[d] a risk that the jurors would rely on" the officer's characterization of the complainant's statements to "avoid their independent obligation to determine whether the complainant's allegations were truthful." *Id.*; *see also State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013) (an error is plain when the legal point is obvious and beyond reasonable dispute). Because the officer did not engage in unambiguous vouching, defendant fails to establish plain error. *Murphy*, 319 Or App at 335.

For the foregoing reasons, I would conclude that defendant did not preserve the issue on appeal in his first assignment of error and that defendant did not establish plain error in his second assignment of error. Therefore, I would affirm the judgment of conviction and I respectfully dissent.