No. 357 April 29, 2026 199

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. T., aka E. Z.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. Z.,
*Appellant.*

Douglas County Circuit Court
25JU03760; A188960

Ann Marie Simmons, Judge.

Submitted March 19, 2026.

Elena C. Stross, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

Father appeals from a juvenile dependency judgment which ordered him to participate in the Outgrowing Power and Control program (OPAC). Father asserts, for four reasons, that the juvenile court erred by ordering him to participate in that program. We agree with father's first argument, which is that there was insufficient evidence on this record to prove that his participation in OPAC was necessary. Accordingly, we reverse and remand on that basis; consequently, we do not consider father's other arguments.

## BACKGROUND

The relevant facts are procedural. Father and mother stipulated to several grounds for dependency jurisdiction regarding their 14-year-old daughter, E. Father admitted that he "lack[ed] the parenting skills necessary to meet the specialized behavioral, emotional, and mental health needs of [his] child placing [his] child at risk of harm" and that "there [was] violence in the relationship between [him] and [his] child placing [his] child at risk of harm." Mother similarly admitted that she "lack[ed] the parenting skills necessary to meet the specialized behavioral, emotional, and mental health needs of [her] child placing [her] child at risk of harm" and that "there [was] violence in the relationship between [her] and [her] child placing [her] child at risk of harm." The court accepted those admissions and moved directly to its disposition without swearing in any witnesses or receiving any evidence.

When determining what services father would need to engage in as a part of the disposition, DHS recommended OPAC, stating that the DHS social worker believed that many of father's conflicts with E occurred because father did not have sufficient parenting skills to handle a child with E's needs and so defaulted to violence instead. To further that argument, DHS relied on the contents of a "court report" that was never received into evidence. Father objected to being ordered to participate in OPAC because the program was intended for domestically violent couples, and there were no allegations of any domestic violence between mother and father. The court nevertheless ordered father to

participate in OPAC, stating that OPAC was the only program in Douglas County that had been identified to address power and control issues. Father timely appealed.

ANALYSIS

Father argues that the juvenile court erred by ordering him to participate in OPAC because there was insufficient evidence that it was "necessary" treatment.

As a preliminary matter, DHS claims that father's claim is unpreserved and thus needs to be evaluated under our plain error framework. We conclude that father preserved the issue of whether the record contained sufficient evidence that OPAC was an appropriate and necessary service.

"[P]reservation requires a party to explain its objection clearly enough for the opposing party, and the trial court, to understand the issue and either avoid an error, or correct an error if one has occurred." *State v. Skotland*, 372 Or 319, 327, 549 P3d 534 (2024). Here, after DHS proposed OPAC as a service, father objected, saying, "Our position on OPAC is, first, that it is not an appropriate fit. It is designed for domestically violent couples," and further arguing that it was not necessary because "all of these other services that [father is] gonna be engaging in and wants to engage in *** have the potential to be sufficient to address all of these concerns." That objection was sufficiently specific to preserve the issue of whether OPAC was needed for father.

We "view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit that outcome." *Dept. of Human Services v. N. P.*, 257 Or App 633, 639, 307 P3d 444 (2013). Specifically, we review the juvenile court's order requiring a parent to submit to a particular treatment or training for errors of law. *See Dept. of Human Services v. F. J. M.*, 370 Or 434, 451-52, 520 P3d 854 (2022).

The statute governing the juvenile court's ability to order treatment, ORS 419B.387, states:

"If the court finds in an evidentiary hearing that treatment or training is needed by a parent to correct the circumstances that resulted in wardship or to prepare the parent to resume the care of the ward, the court may order the parent to participate in the treatment or training if the participation is in the ward's best interests."

The Supreme Court has explained that the statute requires that the "juvenile court's finding that particular treatment *** is *needed* by the parent must be connected more than tenuously to the jurisdictional bases that the treatment is being ordered to correct, and that it must be based in and supported by the evidentiary record." *F. J. M.*, 370 Or at 448 (emphasis in original).

Here, there was no evidence in the record to support the conclusion that OPAC was a necessary service for father. The juvenile court did not admit any exhibits nor hear from any witnesses. Even if we were to consider the unsworn statements by DHS during the hearing to be equivalent to evidence in light of the fact that father did not object to the court relying on them, nothing in those statements suggest that OPAC, which the parties agreed was designed for domestically violent couples, was appropriate here, where there was no concern about violence between father and mother. DHS referred to a court report that it claimed supported the court ordering father to participate in OPAC, but the court report was not admitted.

On appeal, DHS does not develop an argument as to why there was sufficient evidence on this record that OPAC was a necessary service and that the juvenile court did not err in ordering father to participate. Instead, DHS argues the issue was not preserved and that, should we determine that the juvenile court plainly erred, we should decline to exercise our discretion to correct the error. However, as explained above, the issue of sufficiency of the evidence was preserved by father's objection and the limitations of plain error review are not applicable here.

Reversed and remanded.